# EXHIBIT A

AMENDED

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SHERWOOD MANAGEMENT CO., INC. and DOES 1-10, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LAVERNA SHANNON, individually and on behalf of other employees similarly situated and in a representative capacity

| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|
| **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**04/15/2019** at 08:11:00 AM<br>Clerk of the Superior Court<br>By Marc David,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Diego<br>330 W. Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2019-00007617-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Diane E. Richard, Richard Law, P.C. 5060 N Harbor Dr., Ste 265, San Diego, CA 92106 (619) 880-5517

| DATE: 04/16/2019<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | M. David | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

RICHARD LAW, P.C.
DIANE E. RICHARD (SBN: 204897)
diane@richardlawpc.com
5060 N. Harbor Drive, Suite 265
San Diego, CA 92106
Telephone: (619) 880-5517 x101

Attorneys for Plaintiff Laverna Shannon

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/15/2019** at 08:11:00 AM

Clerk of the Superior Court
By Marc David,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| LAVERNA SHANNON, individually and on behalf of other employees similarly situated and in a representative capacity, | Case No.: 37-2019-00007617-CU-OE-CTL |
| Plaintiff, | **CLASS ACTION**<br>**PAGA ACTION** |
| v. | **CLASS ACTION AS TO PLAINTIFF'S FIRST THROUGH TENTH CAUSES OF ACTION** |
| SHERWOOD MANAGEMENT CO., INC. and<br>DOES 1-10, Inclusive, | **PAGA ACTION AS TO THE ELEVENTH THROUGH TWENTY-FIRST CAUSES OF ACTION** |
| Defendants. | **FIRST AMENDED COMPLAINT FOR:** |

**(1) FAILURE TO PAY VACATION WAGES;**

**(2) FAILURE TO COMPLY WITH CAL. LABOR CODE §§245 ET SEQ.**

**(3) FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS AND PAY REST PREMIUMS;**

**(4) FAILURE TO PROVIDE MEAL PERIODS AND PAY MEAL PREMIUMS;**

**(5) UNLAWFUL DEDUCTION AND REPAYMENT OF WAGES;**

**(6) FAILURE TO PAY REGULAR WAGES;**

**(7) FAILURE TO PAY PROPER OVERTIME WAGES;**

**(8) FAILURE TO PROVIDE ACCURATE AND COMPLAINT WAGE STATEMENTS;**

**(9) FAILURE TO TIMELY PAY WAGES UPON SEPARATION OF**

EMPLOYMENT;

(10) UNFAIR COMPETITION;

(11) VIOLATION OF CALIFORNIA LABOR CODE §227.3 BROUGHT UNDER THE PAGA;

(12) VIOLATION OF CALIFORNIA LABOR CODE §§245 ET SEQ. BROUGHT UNDER THE PAGA;

(13) VIOLATION OF CALIFORNIA LABOR CODE §§510, 1194, 1198 BROUGHT UNDER THE PAGA;

(14) VIOLATION OF CALIFORNIA LABOR CODE §512 BROUGHT UNDER THE PAGA;

(15) VIOLATION OF CALIFORNIA LABOR CODE §226.7 BROUGHT UNDER THE PAGA;

(16) VIOLATION OF CALIFORNIA LABOR CODE §§201-203 BROUGHT UNDER THE PAGA;

(17) VIOLATION OF CALIFORNIA LABOR CODE §204 BROUGHT UNDER THE PAGA;

(18) VIOLATION OF CALIFORNIA LABOR CODE §§221, 223-224 BROUGHT UNDER THE PAGA;

(19) VIOLATION OF CALIFORNIA LABOR CODE §226(A) BROUGHT UNDER THE PAGA;

(20) VIOLATION OF CALIFORNIA LABOR CODE §1198 BROUGHT UNDER THE PAGA;

(21) VIOLATION OF CALIFORNIA LABOR CODE §432.3(B) BROUGHT UNDER THE PAGA

DAMAGES EXCEED $25,000

DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Laverna Shannon ("Plaintiff"), individually and on behalf of the public, employees similarly situated and in a representative capacity, and asserts claims against Sherwood Management Co., Inc. doing business as Daniel's Jewelers ("Sherwood"), and Does 1 through 10, inclusive, (collectively, with Sherwood, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is an individual action, in addition to, a class action (Causes of Action One through Ten) brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the California Superior Court and will be established according to proof at trial.

2.      Plaintiff is also bringing a California Labor Code Private Attorneys General ("PAGA") enforcement action against Sherwood in the Eleventh through Twenty-First Causes of Action and seeks penalties against Sherwood. *See* California Labor Code §2698*, et seq*.; *Arias v. Superior Court*, 46 Cal. 4th 969 (2009).  PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties to address violations of the California Labor Code committed against himself or herself and other aggrieved employees.  In this case, Sherwood violated California Labor Code §§201-204, 221, 223, 224, 226(a), 227.3, 245 *et seq*. (including §§246-247), 404(b), 432.3(b), 510, 512, 1194, 1197, 11971, and 1198, as set forth more fully below. Plaintiff seeks PAGA penalties on behalf of herself, and other California employees as follows: Vacation Eligible Employees (as defined herein), Paid Sick Time Employees (as defined herein), Sales Employees (as defined herein), and Non-Exempt Employees (as defined herein).

3.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.

///

///

///

///

4. This Court has jurisdiction over Defendants because, upon information and belief, each defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

5. Venue is proper in this Court because Sherwood transacts business in San Diego County and Plaintiff performed work for Sherwood in San Diego County.

**PARTIES**

6. Plaintiff Laverna Shannon is, and at all times mentioned in this complaint was a resident of California, who also performed work for Sherwood as an employee in California. Plaintiff was an "employee," at times relevant, as that term is defined in the California Labor Code and California Industrial Welfare Commission Wage Order.

7. Sherwood Management Co., Inc., a California corporation, does business as Daniel's Jewelers. Sherwood is in the retail jewelry line of business and has more than 100 retail stores in California.

8. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein Sherwood was and is a company that was at all times mentioned herein licensed and qualified to do business in California. On information and belief, Plaintiff alleges that at all relevant times referenced herein Sherwood did and continues to transact business in California, including in the County of San Diego, and the conduct and injuries alleged herein occurred in California, including in the County of San Diego. Plaintiff is informed and believes, and thereon alleges, that Sherwood is an "employer" as that term is used in the California Labor Code and applicable California Industrial Welfare Commission ("IWC") Wage Order.

9. Whenever in this complaint reference is made to any act, deed, or conduct of Sherwood, the allegation means that Sherwood engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Sherwood.

10.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues said defendants (the "Doe Defendants") by such fictitious names.  Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

11.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Sherwood and of each other; that Sherwood and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of named defendants as alleged herein.

12.     Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Sherwood or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as Sherwood in this complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## ALLEGATIONS REGARDING CALIFORNIA LABOR CODE PAGA ENFORCEMENT ACTION

13.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

14.     This is an action brought by Plaintiff for civil penalties as to the Eleventh through Twenty-First Causes of Action for recovery of penalties under PAGA, California Labor Code §2698, *et seq.  See Arias*, 46 Cal. 4th 969.  PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties to address violations of the California Labor Code.  In this case,

Sherwood violated California Labor Code §§201-204, 221, 223, 224, 226(a), 227.3, 245 *et seq.* (including §§246-247), 404(b), 432.3(b), 510, 512, 1194, 1197, 11971, and 1198, as set forth more fully below.  Plaintiff, as a PAGA representative, seeks PAGA penalties on behalf of herself, and other California employees as follows: Vacation Eligible Employees (as defined herein), Non-Exempt Employees (as defined herein), Sales Employees (as defined herein), and Paid Sick Time Employees (as defined herein). Plaintiff's Eleventh through Twenty-First Causes of Action are suitable for treatment as an enforcement action under PAGA for the following reasons:

(a)     the violations set forth in Plaintiff's Eleventh through Twenty-First Causes of Action allege violations of the California Labor Code for which the Code provides a civil penalty to be assessed and recovered by the Labor and Workforce Development Agency ("LWDA") or any department, division, commission, boards, agencies, or employees, or for which a penalty is provided for under California Labor Code §2699(f);

(b)     Plaintiff is an "aggrieved employee" because she was employed by Sherwood and had one or more of the offending violations committed against her;

(c)     Plaintiff seek to recover PAGA penalties on behalf of herself and other "current and former employees" including, but not limited to, unpaid, underpaid, and late paid wages under California Labor Code §§210, 225.5, 558, and 1194;

(d)     Plaintiff has complied with the requirement to commence a civil action pursuant to the PAGA including pursuant to California Labor Code §2699.3;

(e)     Plaintiff has complied with the exhaustion requirements of PAGA by providing written online notice to the LWDA and notice by certified letter to Defendant Sherwood Management Co., Inc. on February 7, 2019 (attached hereto as **Exhibit A**) (the "PAGA notice") concerning the PAGA claims Plaintiff intended to pursue. After notice was provided, the following occurred: no response was provided by the LWDA;

(f)     "current and former employees" for the purposes of the PAGA claims include California employees during the statutory period as follows: Vacation Eligible Employees (as defined herein), Non-Exempt Employees (as defined herein), Sales Employees (as defined herein), and Paid Sick Time Employees (as defined herein).

**CLASS ACTION ALLEGATIONS**

15.     Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil Procedure §382.

16.     All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

17.     The proposed Vacation Class is comprised of and defined as:

Any and all California employees who were eligible at any time during the statutory period for paid vacation at Sherwood Management Co., Inc. through a contract of employment and/or employer policy but outside of a collective-bargaining agreement (collectively "Vacation Class Members").

The proposed Vacation Subclass is comprised of and defined as:

Any and all Vacation Class Members whose employment at Sherwood Management Co., Inc. ended at any time since four years prior to the filing of the original complaint in this action until resolution of this lawsuit, and who were not paid all vacation wages at their final rate at the time of separation of employment (collectively, the "Vacation Subclass Members").

The proposed California Paid Sick Time Class is comprised of and defined as:

Any and all Sherwood Management Co., Inc. California employees who, at any time since four years prior to the filing of the original complaint in this action until resolution of this lawsuit, were eligible for paid sick leave pursuant to California's Healthy Workplaces, Healthy Families Act of 2014 (Cal. Labor Code §§245 et seq) (collectively, the "CA Paid Sick Time Class Members").

The proposed Sales Class is comprised of and defined as:

Any and all Sherwood Management Co., Inc. California employees who, at any time since four years prior to the filing of the original complaint in this action until resolution of this lawsuit, were eligible to receive commissions, commission bonuses, and/or any other form of compensation relating to sales work, whether in the form of wages or advance of wages (collectively, the "Sales Class Members").

The proposed Non-Exempt Class is comprised of and defined as:

Any and all persons who are or were employed by Sherwood Management Co., Inc. and who is/was a non-exempt employee at any time since four years prior to the filing of the original complaint in this action until resolution of this lawsuit (collectively, the "Non-Exempt Class Members").

18.     There is a well-defined community of interest in this litigation and the Classes and Subclasses are easily ascertainable as set forth below:

a.     <u>Numerosity</u>:   The members of each of the Class and Subclasses are so numerous that joinder of all Members of each Class and Subclass would be unfeasible and impractical.   The entire membership of each of the Classes and Subclasses is unknown to Plaintiff at this time, however, each is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.     <u>Typicality</u>:   Plaintiff is qualified to, and will fairly and adequately protect the interests of each Class Member and Subclass Member with whom Plaintiff has a well-defined community of interest.   Plaintiff's claims herein alleged are typical of those claims which could be alleged by any Class Member and/or Subclass Member, and the relief sought is typical of the relief which would be sought by each of the Class Members and/or Subclass Members in separate actions.   The members within each Class and the members within each Subclass have been similarly harmed due to Defendants' policies and practices.   Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member and Subclass Member.

c.     <u>Adequacy</u>:   Plaintiff is qualified to, and will fairly and adequately protect the interests of each Class Member and Subclass Member with whom Plaintiff has a well-defined community of interest and typicality of claims, as demonstrated herein.   Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member and/or Subclass Member.   Plaintiff's attorneys and the proposed Class and Subclass counsel are versed in the rules governing class action discovery, certification, and settlement and experienced in handling such matters.

d.     <u>Superiority</u>:   The nature of this action makes the use of class action adjudication superior to other methods.   A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclass would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members and/or Subclass Members, establishing incompatible standards of conduct for the Defendants and resulting in the impairment

1   of the Class Members' and/or Subclass Members' rights and the disposition of their interests

2   through actions to which they were not parties.

3        e.      Public Policy Considerations:  Employers in the state of California violate

4   employment and labor laws every day.  Current employees are often afraid to assert their rights

5   out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions

6   because they believe their former employers may damage their future endeavors through negative

7   references and/or other means.  The nature of this action allows for the protection of current and

8   former employees' rights without fear for retaliation or damage.

9        19.     There are common questions of law and fact as to each of the Classes and the

10  Subclasses that predominate over questions affecting only individual members of each Class and

11  Subclass including, but not limited to:

12        (a)     Whether Defendants' vacation plan contains an illegal use-it-or-lose it

13  component and/or unreasonable cap and/or results in forfeiture of accrued vacation;

14        (b)     Whether Defendants have failed to pay all vested, unused vacation wages

15  to Vacation Class Members and/or Vacation Subclass Members in violation of California Labor

16  Code §227.3;

17        (c)     Whether Defendants' paid sick leave policy violates California Labor Code

18  §§245 et. seq. and denies Paid Sick Leave Class Members wages;

19        (d)     Whether Defendants' commission plan agreement that Sales Class

20  Members are subject to is lawful;

21        (e)     Whether Sales Class Members have been subjected to unlawful deduction

22  of wages;

23        (f)     Whether Defendants failed to pay Sales Class Members all commission

24  wages due;

25        (g)     Whether Defendants failed to provide meal periods and authorize paid rest

26  breaks to Non-Exempt Class Members in accordance with California Labor Code §§226.7 and 512

27  and the applicable IWC Wage Order;

28

1     (h)     Whether Defendants' pay practices resulted in the failure to provide meal

2   and rest premium wages at the correct rate of compensation to Non-Exempt Class Members in

3   accordance with California Labor Code §226.7 and the applicable IWC Wage Order;

4     (i)     Whether Defendants' pay practices resulted in the failure to provide

5   overtime wages at the correct rate of compensation to Non-Exempt Class Members in accordance

6   with California Labor Code §510 and the applicable IWC Wage Order;

7     (j)     Whether Defendants have been denied wages through Defendants' failure

8   pay reporting time wages to Non-Exempt Class Members;

9     (k)     Whether Defendants fails to timely pay wages to in accordance with

10   California Labor Code requirements under California Labor Code §§201-203;

11     (l)     Whether Defendants complied with reporting requirements of the California

12   Labor Code, including but not limited to California Labor Code §226;  and

13     (m)     Whether Defendants engaged in unfair competition in violation of

14   California Business & Professions Code §17200, *et seq*.; and

15     (n)     The appropriate amount of damages, restitution, and/or monetary penalties

16   and injunctive relief resulting from Defendants' violations of California law.

17                              **FACTUAL ALLEGATIONS**

18     20.     During the relevant time period, Defendants employed Plaintiff as a non-exempt

19   employee.

20     21.     Plaintiff's position was that in sales wherein she was eligible to receive base pay

21   plus additional compensation including but not limited to non-discretionary commissions,

22   commission bonuses, spiffs, prizes, awards, bonuses and incentive compensation.  Additionally,

23   she was eligible for employee discounts. On information and belief, other Sherwood California

24   employees have been eligible for similar compensation and discounts.

25     22.     Defendants employ other non-exempt persons, and persons in sales, however titled,

26   throughout the state of California.

27   ///

28   ///

23.     During the time Plaintiff worked at Sherwood during the relevant time period, Plaintiff was non-exempt and thus was not exempt from California wage and hour protections including overtime wages for all hours worked; meal and rest breaks; meal and rest premium wages; itemized wage statements; timely payment of wages; and reporting time pay. On information and belief, Non-Exempt Class Members and Non-Exempt Employees too are/were not exempt from receiving these benefits and protections under the law.  Non-Exempt Employees are defined as all non-exempt California employees of Sherwood during the PAGA statutory period.

24.     During the time Plaintiff worked at Sherwood, Plaintiff was eligible for California paid sick time as set forth in California Labor Code §§245 et seq. On information and belief, CA Paid Sick Time Class Members and Paid Sick Time Employees too are/were eligible for California paid sick time as set forth in California Labor Code §§245 et seq.  Paid Sick Time Employees are defined as all California employees of Sherwood during the PAGA statutory period who are/were eligible for paid sick time under California Labor Code §§245 et seq.

25.     During the time Plaintiff worked at Sherwood, Plaintiff was eligible for paid vacation time under Defendants' vacation plan. On information and belief, Vacation Class Members and Vacation Eligible Employees too are/were eligible for paid vacation time under Defendants' vacation plan.  Vacation Eligible Employees are defined as all California employees of Sherwood during the PAGA statutory period who are/were eligible for paid vacation under Sherwood's vacation plan.

26.     During the time Plaintiff worked at Sherwood during the relevant time period, Plaintiff was eligible to receive commissions, commission bonuses, and/or any other form of compensation relating to sales work, whether in the form of wages or advance of wages.  On information and belief, Sales Class Members and Sales Employees too are/were eligible to receive commissions, commission bonuses, and/or any other form of compensation relating to sales work, whether in the form of wages or advance of wages.  Sales Employees are defined as all California employees of Sherwood during the PAGA statutory period (including but not limited to Sales/Store Associates) who are/were eligible to receive non-hourly pay such as commissions, spiffs,

- 9 -

commission bonuses, prizes, and/or other forms of compensation relating to sales work (whether in the form of wages or advance of wages).

**PAID VACATION POLICY**

27.    At times relevant, Defendants have had a paid vacation policy that Plaintiff and Vacation Class Members and Vacation Eligible Employees are subject to.  This policy is outside of a collective bargaining agreement.

28.    In contravention of California law, Defendants' vacation policy contains an unlawful use-it-or-lose/unreasonable cap component.  Specifically, Defendants cap the amount of vacation that an employee may have on the books at less than permitted by law e.g. at two (2) weeks (which is the amount of vacation that employees earn after the first year of employment). When the cap is reached, Defendants' policy is that vacation is not earned until the time on the books falls below the cap.

29.    Defendants' vacation policy further contains unreasonable restrictions on when vacation time may be used during the year, ultimately resulting in unlawful forfeiture of vacation. The unreasonable restrictions impact the ability to use earned vacation time during the year.  For example, Defendants' policy is that vacation time may only be used during time periods designated by Defendants; the time periods designated by Defendants, at times relevant, have cumulatively total up to be approximately four (4) months, leaving approximately eight (8) months where vacation time is restricted. Because of these time restrictions, Plaintiff, Vacation Eligible Employees and Vacation Class Members are not given adequate time to use their vacation time. As an additional consequence, the time restrictions negatively impacts the accruing of further vacation time due Defendants' cap on the amount of vacation that one may have on the books.

30.    Defendants further fail to accrue earned vacation time properly according to its policy, and fail to pay vacation time at the correct rate of pay.  Defendants pay vacation at employees' straight rate of pay rather than the true rate of compensation which includes non-base pay such as commissions and bonuses in addition to other forms of pay.

///

///

31.     All unused, vested vacation time moreover is not paid out at the final rate of pay upon separation of employment including as a result of errors in the calculation of accrual, the use-it-or-lose it/capping policies, and not paying at the final rate of pay.

**PAID SICK TIME POLICY**

32.     California Labor Code §§245 et seq. requires that Defendants provide paid sick time to Plaintiff, Paid Sick Time Employees, and CA Paid Sick Time Class Members pursuant to the requirements of California's Healthy Workplaces, Healthy Families Act of 2014, including at the amount, terms, and rate of compensation set forth in said law.

33.     At times relevant, Defendants have failed compute the amount due for paid sick time in conformance with the pay calculation under California Labor Code §246(l).  Rather than calculating the amount of paid sick time due when sick time is used according to the requirements set forth in California §246(l), Defendants paid sick leave out at a lower rate, in violation of the law. Moreover, the maximum sick time permitted to be used in a day is capped rather than permitting employees to determine how much sick time they want to use in violation of California Labor Code §246(k), thereby denying, at times, paid sick time wages.

34.     Defendants furthermore impose restrictions on the use of paid sick time that violate California Labor Code §§245 et seq. including but not limited to restricting the time of the year when paid sick leave may be used, thereby denying mandated paid sick time to its employees in violation of §247.  In violation of §247, Defendants deny employees the right to use accrued sick days, discharges, threatens to discharge, demote, suspend and/or discriminates against employees for using accrued sick days, attempting to exercise the right to use accrued sick days, or engaging in other activity protected by Section 247. Indeed, Defendants forced Plaintiff to terminate her employment as a result of her request to use paid sick time during a time period Defendants has designated as a no-use period.  Written notice of available paid sick time further has not appropriately recorded as required by Section 246(i) at all times relevant.

///

///

///

**REPORTING TIME PAY**

35.     At times relevant, Defendants have failed to pay reporting time pay Plaintiff and other Non-Exempt Class Members and Non-Exempt Employees as a result of its failure to pay when an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work.  Said "reporting" includes but is not limited to on-call scheduling, physically reporting to the worksite, and reporting through non-physical methods such as call-in/texting/email.

**MEAL AND REST PERIODS AND PREMIUMS**

36.     At times relevant since at least December 2, 2016, Defendants have failed to provide compliant meal periods and authorize and permit compliant paid rest periods at all times to Non-Exempt Class Members and Non-Exempt Employees, including Plaintiff.

37.     Meal periods, at times, had illegal restrictions placed on them including that breaks could not be taken off-premises and/or had to be on-duty. Moreover, policy did not provide for second meal periods when the work period was greater than ten (10) hours.

38.     Rest periods, at times, were not authorized and permitted, in that they had illegal restrictions placed on them including that breaks could not be taken off-premises and/or had to be on-duty. Moreover, the rest break policy did not comply with California law by permitting rest breaks every "major fraction" of every four (4) hour work period.

39.     The reasons for Defendant's non-compliance with meal and rest period laws requiring the provision of compliant breaks includes being a result of staff shortage, failure to provide coverage for breaks, and the failure to permit off-premise and off-duty breaks, and failure to provide a meal period and/or rest period when the shift length requires the provision of these breaks but when the scheduled shift did not require the provision of break(s).

40.     At times relevant since at least December 2, 2016, Defendants have failed to pay rest premium wages to Non-Exempt Class Members and Non-Exempt Employees, including Plaintiff, for non-compliant rest breaks.

///

///

- 12 -

41.     At times relevant since at least December 2, 2016, when Defendants paid meal premiums to Non-Exempt Class Members and Non-Exempt Employees, it did so at the incorrect rate of pay in that the meal premiums were paid at a sum less than the affected employee's regular rate of compensation which includes not only the employee's base rate but also commissions, commission bonuses, incentive pay, spiffs and other forms of qualifying compensation/benefits during that period. To the extent Defendants paid any rest premiums, the computation similar to that of meal premiums likewise would have been incorrect.

## COMMISSION AND COMMISSION BONUS PLAN

42.     At times relevant, Defendants' commission policy provides that certain Sales Class Members and Sales Employees, including Plaintiff, are eligible for non-base pay such as commissions, spiffs, commission bonuses, and prizes.

43.     The commission policy sets forth, in part, that Defendants pay commission advances and bonus commission advances (before the payment of earned commissions) and that commissions are subject to chargebacks.

44.     These commission advances are to be calculated, according to policy, and paid to eligible persons on a calendar month basis according to Defendants' policy, rather than the more frequent time periods (at least twice a month) set forth by Labor Code §204. For separated employees, commissions, according to the policy, will be calculated and paid not more than 30 days after termination despite that the commissions can be calculated prior to the time of payment – a violation of Labor Code §§201-203. Plaintiff, for example, was issued a commission payment from Defendants on March 22, 2018 despite Plaintiff's last day of work being on February 9, 2018.

45.     At times relevant, commissions are generally paid as a percentage of "net" sales, which is computed in part by deducting returns from sales and then multiplying the result by the percentage for the commissionable sales.

46.     At times relevant, pursuant to Defendants' policy, earned commission wages are not paid when earned and are subject to unlawful chargeback. For example, a policy states that commissions will be earned and, therefore, no longer subject to adjustment as of the end of second calendar month following the calendar month in which the transaction originally occurred (a

maximum of 92 days or less).  Further, re-employed employees are subjected to longer chargeback periods in that policy states that returns may be applied in a current month after re-employment for transactions which occurred prior to the termination. Sherwood's customer return/exchange policy permits returns/exchanges in a much shorter period of time than the chargeback policy.  For example, the in-store return policy is ten (10) days, and the in-store exchange policy is thirty (30) days.  The 30-day exchange policy states that the exchange has to be of equal or higher current selling price of the original article.  Further, policy states that there are exchange restrictions – final sales for example are not permitted to be exchanged.  Exchanges are subject to a $15 restocking fee. Online sales are subject to a 30-day return/exchange policy; these returns/exchanges are subject to certain restrictions and a $15 restocking fee.

47.      At times relevant, despite Defendants' lean customer return/exchange policies, Sales Class Members' and Sales Employees' chargeback period and scope is much broader than that permitted by customer return/exchange policies due to Defendants' goodwill. For example, while the greatest exchange period is 30 days with restrictions, Defendants' commission plan permits chargebacks for a much greater period of time and with less restrictions – at times 92 days or even longer.  To achieve "goodwill" of its customers, Defendants accept returns/exchanges beyond that stated in customer policy (including time and scope of return/exchange) but requires Sales Class Members and Sales Employees to eat the cost of Defendants' goodwill.  In doing so, Defendants improperly shifts the company's business losses to its commissioned employees through illegal chargebacks, commission forfeiture and unlawful deduction of wages. Through this conduct, Defendants require commissioned employees to give up a portion of their earned commissions/commission bonuses in order to compensate Defendants for losses occasioned by its returns/exchange policy. In doing so, it is making its commissioned employees insurers of Sherwood's business losses. Furthermore, the chargeback plan does not account for the $15 restocking fee that the customer is subject to, which once again requires commissioned employees to give up a portion of their earned commissions in order to compensate Defendants for its business losses. To the extent other payments such as rewards, spiffs, incentive plans are subject to similar chargebacks and timing of payment, this conduct would too be unlawful with respect to these types

- 14 -

1   of payments.

2        48.    Further, Defendants fail to provide Sales Class Members and Sales Employees with

3   appropriate backup documentation regarding the accounting and payments of

4   commission/commission bonus, spiffs, awards, incentive compensation.

5                     **OVERTIME RATE OF PAY**

6        49.    On information and belief, at times relevant since at least December 2, 2016,

7   Defendants have failed to pay proper overtime wages to Non-Exempt Class Members and Non-

8   Exempt Employees, including Plaintiff, as a result of not calculating the overtime rate of pay

9   correctly through conduct including: failing to include all forms of qualified pay/benefits in the

10   overtime rate of pay, not including commission/commission bonus chargebacks in the overtime

11   rate of pay for commissions that were illegally charged backed/deducted, and not using as the

12   divisor the correct number of hours.

13                     **WAGE STATEMENTS**

14        50.    At times relevant since at least December 2, 2016, Defendants issued itemized wage

15   statements that failed to contain or failed to accurately report the following information required

16   by California Labor Code §226(a):

17        (i) gross wages earned (including as a result of (i) the failure to pay and record on the

18        paystub all gross wages earned such as reporting time pay, meal and rest premiums, correct

19        overtime wages, commissions and bonus commission wages; (ii) not separating out

20        commission/bonus commission earned wages from commission/bonus commission

21        advance on wages; and (iii) not paying all paid sick time and paid vacation time due);

22        (ii) net wages earned (including as a result of (i) the failure to pay and record on the paystub

23        all gross wages earned such as reporting time pay, meal and rest premiums, correct

24        overtime wages, commissions and bonus commission wages; and (ii) not separating out

25        commission/bonus commission earned wages from commission/bonus commission

26        advance on wages; and (iii) not paying all paid sick time and paid vacation time due);

27        (iii) total hours worked by the employee (including as a result of the failure to set forth the

28        total hours worked separate and apart from any reporting of hours on the paystub);

FIRST AMENDED COMPLAINT – CLASS AND PAGA ACTION

(iv) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate (including as a result of the failure to record on the wage statement the applicable hourly rates in effect and the corresponding number of hours worked for all forms of affected pay such as adjustments to regular and overtime pay, and payment of additional pay premium); and

(v) the inclusive dates of the period for which the employee is paid (including as a result of the failure to properly record the inclusive dates of the pay period when pay is being made for work date(s)/commissions/adjustments outside of the stated pay period and the failure to properly identify the pay periods for the employee's final pay check(s)).

51.     Defendants' failures during the relevant time period to record and record properly information required on itemized wage statements were not isolated and unintentional payroll errors due to clerical or inadvertent mistakes.   Indeed, Defendants' policies, procedures and practices were to purposefully exclude from wage statement, the required, but omitted, information set forth in California Labor Code §226(a). These omissions occur routinely and were not isolated events.  Each of these omissions is evident on the face of the wage statements.  Further, each of these omissions is a failure to provide accurate and complete information as required by any one or more of items (1) to (9) inclusive of California Labor Code §226(a) and results in not being able to promptly and easily determine from the wage statement alone one or more of items required but that has been omitted. Defendants and management participated in generating payroll and were required to provide and maintain wage statements.  Defendants therefore know of the omissions and inaccuracies, and intend for the form and content of the wage statements to be inaccurate and incomplete.  Defendants and management furthermore do not have a system in place to provide corrections to pay period information when work being paid for fell outside of the inclusive dates of the pay period stated on wage statement.  Moreover, Defendants and its management directed the non-payment of wages due and thus wage statements did not accurately and completely display all gross and net wage earned. As a result, Defendants knew of the omissions and inaccuracies, and intended for the form and content of the wage statements to be inaccurate and incomplete.

///

**UNTIMELY WAGES**

52.     At times relevant since at least December 2, 2016, Defendants have not paid Plaintiff, Vacation Eligible Employees, Paid Sick Time Employees, Non-Exempt Employees, Sales Employees, Vacation Subclass Members, CA Paid Sick Time Class Members, Sales Class Members, and Non-Exempt Class Members whose employment has been separated, all wages on separation or within seventy-two hours after resignation without notice.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants willfully failed to timely pay wages to separated persons in accordance with the requirements of California's Labor Code, including §§201 and 202 as a result of Defendants' conduct including that alleged herein. Such conduct includes Defendants' failure and refusal to pay all wages due and owing , including for overtime, paid vacation and sick time, meal and rest premiums, commissions/bonus commissions, and reporting time pay.

53.     At times relevant since at least December 2, 2016, Defendants have not paid Plaintiff, Vacation Subclass Members, Vacation Eligible Employees, Paid Sick Time Employees, Non-Exempt Employees, Sales Employees, CA Paid Sick Time Class Members, Sales Class Members, and Non-Exempt Class Members all wages due by the time set forth by California Labor Code §204. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants failed to timely pay wages in accordance with the requirements of Labor Code §204 as a result of Defendants' conduct including that alleged herein. Such conduct includes Defendants' failure and refusal to pay all wages due and owing, including for overtime, paid vacation and sick time, meal and rest premiums, commissions/bonus commissions, and reporting time pay.

54.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew and/or should have known that they had a duty to compensate Plaintiff and Class and Subclass Members for amounts due and owing, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so, and falsely represented to them that they were properly denied wages, all in order to increase Defendants' profits.

55.     Plaintiff is informed and believes, and thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.  Plaintiff is informed and believes, and thereon alleges that Defendants were sued previously for some of the same claims alleged herein (and settled those claims) but continues to be non-compliant with California wage and hour laws.

### *CLASS ACTION CLAIMS*

### FIRST CAUSE OF ACTION

**(For Failure to Pay Vacation Wages
by Plaintiff and Vacation Class and Subclass Members Against Defendants)**

56.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 2, 13-14.

57.     At all relevant times, California Labor Code §227.3 provides for the following:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.  The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

58.     At all times relevant, including at times throughout the statutory period, Plaintiff, and upon information and belief, Vacation Class Members were subject to an employer policy and/or contract of employment that provided for paid vacations not otherwise provided by a collective-bargaining agreement.

59.     As a result of Defendants' conduct, including that alleged herein, Defendants' vacation policy contains an impermissible use-it-or-lose it policy and, furthermore, an unlawful cap on vacation time permitted to be on the books.

///

///

60.     As a result of Defendants' conduct, including that alleged herein, Defendants' vacation policy contains impermissible, unreasonable restrictions on the use of paid vacation time. These restrictions consequently also denied Plaintiff and Vacation Class Members the right to accrue vested vacation time.

61.     As a result of Defendants' conduct, including that alleged herein, Defendants did not pay accrued, vested vacation at the correct rate of pay to Plaintiff and Vacation Class Members.

62.     As a result of Defendants' conduct, including that alleged herein, Defendants did not pay all accrued, vested vacation at the correct final rate of pay to Plaintiff and Vacation Subclass Members upon their separation of employment.

63.     As a result of Defendants' conduct, Defendants have violated California Labor Code §227.3.

64.     Plaintiff seeks, on her behalf and on behalf of the Vacation Class and Subclass, all damages and remedies available under California Labor Code §227.3, including payment of all vacation wages due and the accrual of vested vacation, interest, attorney's fees and costs.

<u>**SECOND CAUSE OF ACTION**</u>

**(For Failure to Comply with Cal. Labor Code §§245 et seq.
by Plaintiff and CA Paid Sick Time Class Against All Defendants)**

65.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 2, 13-14.

66.     California Labor Code §§245 et seq. requires that Defendants provide paid sick time to Plaintiff and CA Paid Sick Time Class Members pursuant to the requirements of California's Healthy Workplaces, Healthy Families Act of 2014, including at the amount, terms, and rate of compensation set forth in said law.

67.     At times relevant, Defendants have failed compute the amount due for paid sick time in conformance with the pay calculation under California Labor Code §246(l). Rather than calculating the amount of paid sick time due when sick time is used according to the requirements set forth in California §246(l), Defendants paid sick leave to Plaintiff and CA Paid Sick Leave Class Members at a lower rate, in violation of the law.

68.     Moreover, the maximum sick time permitted to be used in a day is capped rather than permitting employees to determine how much sick time they want to use in violation of California Labor Code §246(k), thereby denying, at times, paid sick time wages.

69.     Defendants furthermore impose restrictions on the use of paid sick time that violate California Labor Code §§245 et seq. including but not limited to restricting the time of the year when paid sick leave may be used, thereby denying mandated paid sick time to Plaintiff and CA Paid Sick Time Class Members in violation of §247.

70.     In violation of §247, Defendants deny Plaintiff and CA Paid Sick Time Class Members the right to use accrued sick days, discharges, threatens to discharge, demote, suspend and/or discriminates against employees for using accrued sick days, attempting to exercise the right to use accrued sick days, or engaging in other activity protected by Section 247. Indeed, Defendants forced Plaintiff to terminate her employment as a result of her request to use paid sick time during a time period Defendants has designated as a no-use period.

71.     Written notice of available paid sick time further has not appropriately recorded as required by Section 246(i) at all times relevant.

72.     As a result of Defendants' conduct, Defendants have violated California Labor Code §§245 et seq.

73.     Plaintiff seeks, on her behalf and on behalf of the CA Paid Sick Time Class, all remedies available under California Labor Code §§245 et seq, including restitutionary, equitable and injunctive relief, attorney's fees and costs, and interest.

### THIRD CAUSE OF ACTION

**(For Failure to Authorize and Permit Rest Periods and Pay Rest Premiums
by Plaintiff and Non-Exempt Class Members Against all Defendants)**

74.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 2, 13-14.

75.     Pursuant to the IWC Wage Orders applicable to Plaintiff and Non-Exempt Class Members' employment by Defendants:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof … Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

76. California Labor Code §226.7(b) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC. Furthermore, non-exempt employees must be permitted to leave the work premises during rest periods.

77. California Labor Code §226.7(d) requires that a rest period mandated pursuant to state law, including but not limited to by statute and/or an applicable order of the IWC shall be counted as hours worked, for which there shall be no deduction from wages.

78. California Labor Code §226.7(c) provides that employers who do not provide an employee a rest period in accordance with state law shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

79. Defendants were required to authorize and permit Plaintiff and Non-Exempt Class Members who worked in excess of three and one-half hours to take paid rest periods, based upon the total hours worked at a rate of ten minutes net rest per four hours or major fraction thereof, with no deduction from wages.

80. At all times relevant, including at times since December 2, 2016, Defendants failed to authorize and permit Plaintiff and Class Members to take paid rest breaks for every four hours worked or major fraction thereof.

81. Rest periods, at times, were not authorized and permitted, in that they had illegal restrictions placed on them including that breaks could not be taken off-premises and/or had to be on-duty. Moreover, the rest break policy did not comply with California law by permitting rest breaks every "major fraction" of every four (4) hour work period.

///

///

82.     The reasons for Defendant's non-compliance with meal and rest period laws requiring the provision of compliant breaks includes being a result of staff shortage, failure to provide coverage for breaks, and the failure to permit off-premise and off-duty breaks, and failure to provide a meal period and/or rest period when the shift length requires the provision of these breaks but when the scheduled shift did not require the provision of break(s).

83.     At times relevant since at least December 2, 2016, Defendants have failed to pay rest premium wages to Non-Exempt Class Members, including Plaintiff, for non-compliant rest breaks.  To the extent Defendants paid any rest premiums, these premiums were not calculated properly and not paid at the employee's regular rate of compensation.

84.     Plaintiff seeks, on her behalf and on behalf of the Non-Exempt Class Members, all damages and remedies available under California law including but not limited to one hour of premium pay at the regular rate of compensation for each day in which a paid rest period was not authorized and permitted, as well as interest, costs, and attorneys' fees to the fullest extent permitted.

## FOURTH CAUSE OF ACTION

**(For Failure to Provide Meal Periods and Meal Premiums
by Plaintiff and Non-Exempt Class Members Against All Defendants)**

85.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 2, 13-14.

86.     Pursuant to California Labor Code §512, an employer shall not employ an employee for a work period of more than five hours without providing a meal break of not less than thirty minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes, except that if the total hours worked is no more than twelve hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

///

///

87.     California Labor Code §226.7(b) prohibits an employer from requiring any employee to work during any meal period mandated by an applicable statute, or applicable regulation, standard, or order of the IWC.

88.     California Labor Code §226.7(c) provides that employers who do not provide an employee a meal period in accordance with state law including but not limited to an applicable statute or applicable regulation, standard, or order of the IWC, shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

89.     Pursuant to the IWC Wage Order applicable to Plaintiff and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employee must consent in writing to the "on duty" meal period.  Plaintiff and Class Members did not consent in writing to proper "on duty" meal periods. Further, the nature of the work of Plaintiff and Class Members was not such that they are prevented from being relieved of all duties.

90.     Despite said requirements of the IWC Wage Order applicable to Plaintiff and Non-Exempt Class Members' employment by Defendants and California Labor Code §§512 and 226.7, Plaintiff and Non-Exempt Class Members were not provided with meal periods in compliance with the law and were not relieved of all duties during any meal periods they did take.

91.     Meal periods, at times, had illegal restrictions placed on them including that breaks could not be taken off-premises and/or had to be on-duty. Moreover, policy did not provide for second meal periods when the work period was greater than ten (10) hours.

92.     The reasons for Defendant's non-compliance with meal and rest period laws requiring the provision of compliant breaks includes being a result of staff shortage, failure to provide coverage for breaks, and the failure to permit off-premise and off-duty breaks, and failure to provide a meal period and/or rest period when the shift length requires the provision of these breaks but when the scheduled shift did not require the provision of break(s).

///

93.     At times relevant since at least December 2, 2016, when Defendants paid meal premiums to Non-Exempt Class Members, it did so at the incorrect rate of pay in that the meal premiums were paid at a sum less than the affected employee's regular rate of compensation which includes not only the employee's base rate but also commissions, commission bonuses, incentive pay, spiffs and other forms of qualifying compensation/benefits during that period.

94.     Plaintiff seeks, on her behalf and on behalf of the Non-Exempt Class Members, all damages and remedies available under California law including but not limited to one hour of premium pay at the regular rate of compensation for each day in which a meal period was not provided, as well as interest, costs, and attorneys' fees to the fullest extent permitted.

## FIFTH CAUSE OF ACTION

**(For Unlawful Deduction of Wages and Illegal Repayment of Wages
by Plaintiff and Sales Class Members Against Defendants)**

95.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 2, 13-14.

96.     Pursuant to California Labor Code §2221, it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

97.     California Labor Code §224 permits any portion of wages be withheld or diverted from an employee's pay only when required or empowered to do so by state or federal law or when a deduction is expressly authorized in writing by the employee when such deduction does not amount to a rebate or deduction from the standard wage pursuant to wage agreement or statute.

98.     At times relevant, Defendants had Sales Class Members including Plaintiff sign commission agreements.  Contained in these agreements are Defendants' commission policy.  In part, Defendants' policy stated that it pays commission advances and bonus commission advances (before the payment of earned commissions) and that commissions are subject to chargebacks. These commission advances are to be calculated and paid to eligible sales associates on a calendar month basis, rather than the more frequent time periods (at least twice a month) set forth by Labor Code §204.

99.     Pursuant to Defendants' policy, earned commission wages are not paid when earned and are subject to unlawful chargeback.  For example, a policy states that commissions will be earned and, therefore, no longer subject to adjustment as of the end of second calendar month following the calendar month in which the transaction originally occurred (a maximum of 92 days or less).  Further, re-employed employees are subjected to longer chargeback periods in that policy states that returns may be applied in a current month after re-employment for transactions which occurred prior to the termination. Defendant's customer return/exchange policy permits returns/exchanges in a much shorter period of time than the chargeback policy.  For example, the in-store return policy is ten (10) days, and the in-store exchange policy is thirty (30) days.  The 30-day exchange policy states that the exchange has to be of equal or higher current selling price of the original article.  Further, policy states that there are exchange restrictions – final sales for example are not permitted to be exchanged.  Exchanges are subject to a $15 restocking fee. Online sales are subject to a 30-day return/exchange policy; these returns/exchanges are subject to certain restrictions and a $15 restocking fee.

100.     At times relevant, despite Defendants' lean customer return/exchange policies, Sales Class Members' chargeback period and scope is much broader than that permitted by customer return/exchange policies due to Defendants' goodwill. For example, while the greatest exchange period is 30 days with restrictions, Defendants' commission plan permits chargebacks for a much greater period of time and with less restrictions – at times 92 days or even longer.  To achieve "goodwill" of its customers, Defendants accept returns/exchanges beyond that stated in customer policy (including time and scope of return/exchange) but requires Sales Class Members to eat the cost of Defendants' goodwill.  In doing so, Defendants improperly shifts the company's business losses to its commissioned employees through illegal chargebacks, commission forfeiture and unlawful deduction of wages. Through this conduct, Defendants require commissioned employees to give up a portion of their earned commissions/commission bonuses in order to compensate Defendants for losses occasioned by its returns/exchange policy. In doing so, it is making its commissioned employees insurers of Sherwood's business losses. Furthermore, the chargeback plan does not account for the $15 restocking fee that the customer is subject to, which

once again requires commissioned employees to give up a portion of their earned commissions in order to compensate Defendants for its business losses. To the extent other payments such as rewards, spiffs, incentive plans are subject to similar chargebacks and timing of payment, this conduct would too be unlawful with respect to these types of payments.

101.    Through Defendants' conduct, including that alleged herein, Plaintiff and Sales Class Members have been unlawfully subjected to deduction of wages, in violation of Labor Code §224, when Defendants deduct returns from employees' commission wages (chargebacks).  Such wage deductions are not authorized in writing by employees, nor are they required or empowered by state or federal law.

102.    Through Defendants' conduct, including that alleged herein, Plaintiff and Sales Class Members have been required to repay earned and paid commission wages, in violation of Labor Code §221,  as a result of Defendants' charge back policy.

103.    Plaintiff seeks, on her behalf and on behalf of the Sales Class Members, all damages and remedies available under California law including but not limited the lost commission wages as well as interest, costs, and attorneys' fees to the fullest extent permitted.

## <u>SIXTH CAUSE OF ACTION</u>

**(For Failure to Pay Regular Wages by Plaintiff and Sales Class Members, Vacation Class Members, CA Paid Sick Time Class Members, Non-Exempt Class Members Against Defendants)**

104.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 2, 13-14.

105.    At all relevant times, unpaid wages owing to Plaintiff and Class Members may be recovered through a civil action pursuant to California Labor Code §§218, 218.5, 218.6.

106.    At all times relevant, including at times throughout the four year period preceding the filing of this complaint, Defendants owed certain wages to Plaintiff, and members of the Sales Class, Vacation Class, CA Paid Sick Time Class, and Non-Exempt Class.  These (non-minimum) wages have, during relevant times, been left unpaid by Defendants permitting recovery pursuant to California Labor Code §§218, 218.5, 218.6.

107.    At all times relevant, including at times throughout the four year period preceding the filing of this complaint, Defendants owed commission and bonus commission wages to Plaintiff and Sales Class Members.  These wages remain unpaid by Defendants as a result of its conduct including that alleged herein – that Defendants subjected commissions to unlawful chargebacks.

108.    At all times relevant, including at times throughout the four year period preceding the filing of this complaint, Defendants owed Plaintiff and Vacation Class Members vacation wages by contact.  These vacation wages remain unpaid by Defendants as a result of its conduct including that alleged herein – that Defendants had an illegal use-it-or-lose it policy which thereby unlawfully divested employees of vested vacation wages, had an unlawful cap on the amount of vacation that could accrue on the books which thereby unlawfully divested employees of vested vacation wages, and paid vested vacation wages at an incorrect rate of pay.

109.    At all times relevant, including at times throughout the four year period preceding the filing of this complaint, Defendants owed Plaintiff and CA Paid Sick Time Class Members, paid sick time wages.  These sick time wages remain unpaid by Defendants as a result of its conduct including that alleged herein – that Defendants unlawfully paid sick time at an incorrect rate of pay, and Defendants unlawfully restricted the amount of paid sick time that could be used and the time period which it may be used in.

110.    At all times relevant, including at times throughout the four year period preceding the filing of this complaint, Defendants owed Plaintiff and Non-Exempt reporting time wages. These reporting time wages remain unpaid by Defendants as a result of its conduct including that alleged herein – that Defendants unlawfully failed to pay reporting time wages as a result of its failure to pay when an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work.  Said "reporting" includes but is not limited to on-call scheduling, physically reporting to the worksite, and reporting through non-physical methods such as call-in/texting/email.

///

///

111.    As a result of Defendants' pay practices relating to non-minimum wages, Plaintiff and Class Members, on information and belief, have not been paid all (non-minimum) wages due to them.

112.    Plaintiff seeks, on her behalf and on behalf of the Sales Class Members, Vacation Class Members, CA Paid Sick Time Class Members, Non-Exempt Class Members, all damages and remedies available under California Labor Code §§218, 218.5, 218.6, including payment of the unpaid wages, interest, and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### (For Failure to Pay Proper Overtime Wages by Plaintiff and Non-Exempt Members Against All Defendants)

113.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 2, 13-14.

114.    Labor Code §510 provides that non-exempt employees shall be paid overtime compensation for all overtime hours.  Plaintiff nor any other Non-Exempt Class Member was exempt from receiving overtime wages.

115.    As alleged herein, during the relevant period of time since at least December 2, 2015, Defendants have failed to calculate the overtime rate of pay correctly through conduct including: failing to include all forms of qualified pay/benefits in the overtime rate of pay, not including commission/commission bonus chargebacks in the overtime rate of pay for commissions that were illegally charged backed/deducted, and not using as the divisor the correct number of hours.

116.    As a result of Defendants' pay practices relating to overtime wages, Plaintiff and Non-Exempt Class Members, on information and belief, have not been paid all wages due to them.

117.    Plaintiff seeks, on her behalf and on behalf of the Non-Exempt Class Members, all damages and remedies available including under California Labor Code §§510, 558.1, 1194, 1194.2, including payment of the unpaid wages, interest, and attorneys' fees and costs.

///

///

## EIGHTH CAUSE OF ACTION

**(For Failure to Issue and Maintain Accurate and Complaint Wage Statements by Plaintiff and Non-Exempt Members, Sales Class Members, CA Paid Sick Time Class Members, Vacation Class Members Against All Defendants)**

118.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 2, 13-14.

119.    California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages:

> Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis … (5) net wages earned … (6) the inclusive dates of the period for which the employee is paid and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

120.    California Labor Code §226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand
>
> dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees.

121.    California Labor Code §226(e)(2)(B) provides:

> An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:  (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).  (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period.  Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).  (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.  (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

122.    At times relevant since at least December 2, 2016, Defendants knowingly and intentionally failed, and continue to fail to furnish Plaintiff, Sales Class Members, Non-Exempt Class Members, CA Paid Class Members, and Vacation Class Members with complete and accurate wage statements upon each payment of wages in violation of California Labor Code §226(a).  Plaintiff and Class Members were issued itemized wage statements that failed to contain or failed to accurately report the following information required by California Labor Code §226(a):

(i) gross wages earned (including as a result of (a) the failure to pay and record on the paystub all gross wages earned such as reporting time pay, meal and rest premiums, correct overtime wages, commissions and bonus commission wages; (b) not separating out commission/bonus commission earned wages from commission/bonus commission advance on wages; and (c) not paying all paid sick time and paid vacation time due);

(ii) net wages earned (including as a result of (a) the failure to pay and record on the paystub all gross wages earned such as reporting time pay, meal and rest premiums, correct overtime wages, commissions and bonus commission wages; and (b) not separating out commission/bonus commission earned wages from commission/bonus commission advance on wages; and (c) not paying all paid sick time and paid vacation time due);

(iii) total hours worked by the employee (including as a result of the failure to set forth the total hours worked separate and apart from any reporting of hours on the paystub);

(iv) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate (including as a result of the failure to record on the wage statement the applicable hourly rates in effect and the corresponding number of hours worked for all forms of affected pay such as adjustments to regular and overtime pay, and payment of additional pay premium); and

(v) the inclusive dates of the period for which the employee is paid (including as a result of the failure to properly record the inclusive dates of the pay period when pay is being made for work date(s)/commissions/adjustments outside of the stated pay period and the failure to properly identify the pay periods for the employee's final pay check(s)).

FIRST AMENDED COMPLAINT – CLASS AND PAGA ACTION

123.     Defendants' failures during the relevant time period to record and record properly information required on itemized wage statements were not isolated and unintentional payroll errors due to clerical or inadvertent mistakes.   Indeed, Defendants' policies, procedures and practices were to purposefully exclude from wage statement, the required, but omitted, information set forth in California Labor Code §226(a). These omissions occur routinely and were not isolated events.   Each of these omissions is evident on the face of the wage statements.   Further, each of these omissions is a failure to provide accurate and complete information as required by any one or more of items (1) to (9) inclusive of California Labor Code §226(a) and results in not being able to promptly and easily determine from the wage statement alone one or more of items required but that has been omitted. Defendants and management participated in generating payroll and were required to provide and maintain wage statements.   Defendants therefore know of the omissions and inaccuracies, and intend for the form and content of the wage statements to be inaccurate and incomplete.   Defendants and management furthermore do not have a system in place to provide corrections to pay period information when work and/or pay such as commissions being paid for fell outside of the inclusive dates of the pay period stated on wage statement.   Moreover, Defendants and its management directed the non-payment of wages due and thus wage statements did not accurately and completely display all gross and net wage earned. As a result, Defendants knew of the omissions and inaccuracies, and intended for the form and content of the wage statements to be inaccurate and incomplete.

124.     Plaintiff, Sales Class Members, Non-Exempt Class Members, CA Paid Class Members, and Vacation Class Members were injured by these failures because, among other things, these failures led them to not know if they were being paid for all wages due, they were required to perform mathematical computations to analyze whether wages paid, in fact, compensated for all hours, and they were not able to determine from the wage statements alone one or more of the items required to be provided.   Defendants' failure to comply with California Labor Code §226(a) also hindered them from determining the amounts of wages actually owed to them, hours worked and wages that were earned or just advanced.

///

125.    Defendants will no doubt continue these illegal practices until such time as it is forced to pay penalties in compliance with California Labor Code §226(e).

126.    Plaintiff, Sales Class Members, Non-Exempt Class Members, CA Paid Class Members, and Vacation Class Members, are entitled to recover statutory penalties, interest, injunctive relief, and attorneys' fees and costs pursuant to California Labor Code §§226(e) and (h), 558.1.

## NINTH CAUSE OF ACTION

**(For Failure to Pay Wages Due on Termination
by Plaintiff, Non-Exempt Class Members, Vacation Subclass Members, CA Paid Sick
Leave Class Members, and Sales Class Members Against All Defendants)**

127.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 2, 13-14.

128.    California Labor Code §§201 and 202 require an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours' previous notice of his or her intention to quit in which case the employee is entitled to his or her wages on their last day of work.  California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by California Labor Code §§201 and 202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty work days.

129.    At times relevant since at least December 2, 2016, as a result of Defendants' conduct including that alleged herein, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff, Sales Class Members, Vacation Subclass Members, CA Paid Sick Leave Members, and Non-Exempt Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendants' employ. Such conduct includes Defendants' failure and refusal to pay all wages due and owing, including for overtime, paid vacation and sick time, meal and rest premiums, commissions/bonus commissions, and reporting time pay, as alleged herein.

130.    Defendants' willful failure to pay their wages earned and unpaid at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendants' employ, violates California Labor Code §§201 and 202.

131.    The exact amount of the wages accrued and unpaid at the time of discharge is unknown at this time but information for the calculation may be ascertained from Defendants' records.   Based on information and belief gained from Plaintiff's records, unpaid wages include overtime, paid vacation and sick time, meal and rest premiums, commissions/bonus commissions, and reporting time pay, as alleged herein.

132.    As a result, Defendants are liable for waiting time penalties pursuant to California Labor Code §§203, 558.1, in an amount according to proof at the time of trial.

## TENTH CAUSE OF ACTION

**(For Unfair Competition by Plaintiff all Class Members and Subclass Members Against All Defendants)**

133.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 2, 13-14.

134.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure §1021.5.

135.    Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, *et seq*.

136.    A violation of California Business and Professions Code §§17200, *et seq*. may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices of failing to pay Plaintiff and Class and Subclass Members wages for overtime, vacation and paid sick time, meal and rest premiums, and commission wages,  among the other statutory violations alleged herein, over the past four years violates the California Labor Code, including California Labor Code §§201-204, 221, 224, 226(a), 226.7, 227.3, 510, 512(a), 1194, and 1198.

137.    Plaintiff and Class and Subclass Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

138.    Pursuant to California Business and Professions Code §17200, *et seq*., Plaintiff and Class and Subclass Members are entitled to restitution of the wages withheld and benefits wrongfully retained by Defendants during a period that commences four years prior to the filing of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure §1021.5, and an award of costs.

## ***PAGA ENFORCEMENT ACTION CLAIMS***
## __ELEVENTH CAUSE OF ACTION__

### (For Violations of California Labor Code §227.3
### Brought Under PAGA by Plaintiff)

139.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 1, 15-19, 56-138.

140.    At all times relevant, Plaintiff and Vacation Eligible Employees worked for Sherwood and were subject to an employer policy and/or contract of employment that provides for paid vacation not otherwise provided by a collective-bargaining agreement.

141.    At all times relevant, vacation has been a form of wages under California Labor Code §200 which vests as labor is rendered.

142.    At all relevant times, California Labor Code §227.3 provides for the following:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination.  The Labor Commissioner or a designated representative, in the resolution of any dispute with regard to vested vacation time, shall apply the principles of equity and fairness.

143.    As a result of Sherwood's conduct, including that alleged herein, Sherwood's vacation policy contains an impermissible forfeiture/use-it-or-lose it policy and, furthermore, an unlawful cap on vacation time permitted to be on the books.

144.     As a result of Sherwood's conduct, including that alleged herein, Sherwood's vacation policy contains impermissible, unreasonable restrictions on the use of paid vacation time. These restrictions consequently also denied Plaintiff and Vacation Eligible Employees the right to accrue vested vacation time.

145.     As a result of Sherwood's conduct, including that alleged herein, Sherwood did not pay all accrued, unused vacation to Plaintiff and Vacation Eligible Employees during the relevant time period in violation of Labor Code §227.3.

146.     PAGA, specifically California Labor Code §2699(f), establishes a civil penalty to be levied against California employers for violations of California Labor Code provisions that do not contain their own civil penalties.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, an employer employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  California Labor Code §227.3 does not provide its own civil penalties.

147.     Plaintiff requests penalties against Sherwood for its violation of California Labor Code §227.3 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

**TWELFTH CAUSE OF ACTION**

**(For Violations of California Labor Code §§245 *et seq*.
Brought Under PAGA by Plaintiff)**

148.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 1, 15-19, 56-138.

149.     California Labor Code §§245 *et seq*. requires that Sherwood provide paid sick time to Plaintiff and Non-Exempt Employees pursuant to the requirements of California's Healthy Workplaces, Healthy Families Act of 2014, including at the amount, terms, and rate of compensation set forth in said law.

///

///

150.    At times relevant, through conduct alleged herein, Sherwood has failed compute the amount due for paid sick time in conformance with the pay calculation under California Labor Code §246(l)(i)-(ii).  Rather than calculating the amount of paid sick time pay due according to the calculations set forth in California §246(l), when sick time is used, Sherwood calculates and pays paid sick time at a rate lower than that permitted by Section 246(l)(i)-(ii).

151.    Moreover, the maximum sick time permitted to be used in a day is capped by Sherwood rather than permitting employees to determine how much sick time they want to use, which is in violation of California Labor Code §246(k), thereby denying, at times, paid sick time wages.

152.    Sherwood furthermore imposes restrictions on the use of paid sick time that violate California Labor Code §§245 et seq. including but not limited to restricting the time of the year when paid sick leave may be used, thereby denying mandated sick time to Plaintiff and Sick Time Employees in violation of California Labor Code §247.

153.    In violation of  California Labor Code §247, Sherwood denies Plaintiff and Sick Time Employees the right to use accrued sick days, discharges, threatens to discharge, demotes, suspends and/or discriminates against employees for using accrued sick days, attempting to exercise the right to use accrued sick days, or engaging in other activity protected by Section 247. Plaintiff for example was forced by Sherwood to terminate her employment as a result of her request to use paid sick time during a time period Sherwood had designated as a no-use period.

154.    Written notice of available paid sick time further has not been appropriately recorded as required by Section 246(i) at all times relevant.

155.    As a result of Sherwood's conduct, Sherwood has violated California Labor Code §§245 *et seq*. Sherwood further has unlawfully held onto and not paid Plaintiff and Non-Exempt Employees all sick time pay due.

156.    PAGA, specifically California Labor Code §2699(f), establishes a civil penalty to be levied against California employers for violations of California Labor Code provisions that do not contain their own civil penalties.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, an employer employs one or more employees, the civil penalty is one

hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."   To the extent California Labor Code §§ 246-247 does not provide its own civil penalties, penalties are sought under §2699(f)(2)

157.   Plaintiff requests penalties against Sherwood for its violation of California Labor Code §§246-247 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## THIRTEENTH CAUSE OF ACTION

### (For Violations of California Labor Code §§510, 1194, 1198
### Brought Under PAGA by Plaintiff)

158.   Plaintiff incorporates by reference and realleges each and every allegation contained above except for paragraphs 1, 15-19, 56-138.

159.   Labor Code §510 provides that non-exempt employees shall be paid overtime compensation at 1.5x or 2x, as applicable, the regular rate of pay for all overtime hours.  Plaintiff nor any other Non-Exempt Employee was exempt from receiving overtime wages.

160.   Labor Code §1194 likewise provides for the recovery of unpaid overtime compensation.  While, Labor Code §1198 provides that "the employment of an employee … under conditions of labor prohibited by the [wage] order is unlawful."   The applicable wage order requires non-exempt employees be paid overtime compensation at 1.5x or 2x, as applicable, the regular rate of pay for all overtime hours.

161.   At times relevant, Sherwood's policy for calculating the overtime rate of compensation for Non-Exempt Employees, including Plaintiff, has been that the overtime rate of compensation is based on Non-Exempt Employees' regular, straight-time pay rate as opposed to Non-Exempt Employees' regular rate of pay as required by California law. This is as a result of conduct which includes: failing to include all forms of qualified pay/benefits in the overtime rate of pay, not including commission/commission bonus chargebacks in the overtime rate of pay for commissions that were illegally charged backed/deducted, and not using as the divisor the correct number of hours.

162.    As a result of Sherwood's pay practices relating to overtime wages,  Plaintiff and Non-Exempt Employees, on information and belief, have not been paid all overtime wages due to them.

163.    PAGA, specifically California Labor Code §2699(f), establishes a civil penalty to be levied against California employers for violations of California Labor Code provisions that do not contain their own civil penalties.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, an employer employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

164.    California Labor Code §558 sets forth the civil penalties available for violations of California Labor Code §510 as follows: "For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Wages recovered pursuant to this section shall be paid to the affected employee."

165.    To the extent California Labor Code §1198 does not provide its own civil penalties, penalties under §2699(f)(2) are sought.

166.    California Labor Code §1197.1 provides that any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than by an order of the commission shall be subject to a civil, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203; (2) For each subsequent violation for the same specific offense,

- 38 -

two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203; (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

167.    Plaintiff requests penalties for Sherwood's violations of California Labor Code §510, 1194, 1198 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

## FOURTEENTH CAUSE OF ACTION

### (For Violation of California Labor Code §512 Brought Under PAGA by Plaintiff)

168.    Plaintiff incorporates by reference and realleges each and every allegation contained above except for paragraphs 1, 15-19, 56-138.

169.    Pursuant to California Labor Code §512, an employer shall not employ an employee for a work period of more than five hours without providing a meal break of not less than thirty minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes, except that if the total hours worked is no more than twelve hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

170.    California Labor Code §226.7(b) prohibits an employer from requiring any employee to work during any meal period mandated by an applicable statute, or applicable regulation, standard, or order of the IWC.

171.    California Labor Code §226.7(c) provides that employers who do not provide an employee a meal period in accordance with state law including but not limited to an applicable statute or applicable regulation, standard, or order of the IWC, shall pay the employee one

1  additional hour of pay at the employee's regular rate of compensation for each workday that the

2  meal period is not provided.

3  172.   Pursuant to the IWC Wage Order applicable to Plaintiff and Non-Exempt

4  Employees' employment by Sherwood, in order for an "on duty" meal period to be permissible,

5  the nature of the work of the employee must prevent an employee from being relieved of all duties

6  relating to his or her work for the employer and the employee must consent in writing to the "on

7  duty" meal period.  Plaintiff and Non-Exempt Employees did not consent in writing to proper "on

8  duty" meal periods.  Further, the nature of the work of Plaintiff and Non-Exempt Employees was

9  not such that they are prevented from being relieved of all duties.

10  173.   Despite said requirements of the IWC Wage Order applicable to Plaintiff and Non-

11  Exempt Employees' employment by Defendants and California Labor Code §§512 and 226.7,

12  Plaintiff and Non-Exempt Employees were not provided with meal periods in compliance with the

13  law and were not relieved of all duties during any meal periods they did take.

14  174.   Meal periods, at times, had illegal restrictions placed on them including that breaks

15  could not be taken off-premises and/or had to be on-duty. Moreover, policy did not provide for

16  second meal periods when the work period was greater than ten (10) hours.

17  175.   The reasons for Sherwood's non-compliance with meal and rest period laws

18  requiring the provision of compliant breaks includes being a result of staff shortage, failure to

19  provide coverage for breaks, and the failure to permit off-premise and off-duty breaks, and failure

20  to provide a meal period and/or rest period when the shift length requires the provision of these

21  breaks but when the scheduled shift did not require the provision of break(s).

22  176.   At times relevant since at least December 2, 2016, when Sherwood paid meal

23  premiums to Non-Exempt Class Employees, it did so at the incorrect rate of pay in that the meal

24  premiums were paid at a sum less than the affected employee's regular rate of compensation which

25  includes not only the employee's base rate but also commissions, commission bonuses, incentive

26  pay, spiffs and other forms of qualifying compensation/benefits during that period.

27  ///

28  ///

177.   PAGA, specifically California Labor Code §2699(f), establishes a civil penalty to be levied against California employers for violations of California Labor Code provisions that do not contain their own civil penalties.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, an employer employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."   However, California Labor Code §558 sets forth the civil penalties available for violations of California Labor Code §512 as follows: "For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Wages recovered pursuant to this section shall be paid to the affected employee."

178.   Plaintiff requests penalties against Sherwood for its violation of California Labor Code §512 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## FIFTEENTH CAUSE OF ACTION

### (For Violation of California Labor Code §226.7 Brought Under PAGA by Plaintiff)

179.   Plaintiff incorporates by reference and realleges each and every allegation contained above except for paragraphs 1, 15-19, 56-138.

180.   Pursuant to the IWC Wage Orders applicable to Plaintiff and Non-Exempt Employees' employment by Sherwood:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof … Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

///

///

- 41 -

181.   California Labor Code §226.7(b) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC. Furthermore, non-exempt employees must be permitted to leave the work premises during rest periods.

182.   California Labor Code §226.7(d) requires that a rest period mandated pursuant to state law, including but not limited to by statute and/or an applicable order of the IWC shall be counted as hours worked, for which there shall be no deduction from wages.

183.   California Labor Code §226.7(c) provides that employers who do not provide an employee a rest period in accordance with state law shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

184.   Sherwood was required to authorize and permit Plaintiff and Non-Exempt Employees who worked in excess of three and one-half hours to take paid rest periods, based upon the total hours worked at a rate of ten minutes net rest per four hours or major fraction thereof, with no deduction from wages.

185.   At all times relevant, including at times since December 2, 2016, Sherwood failed to authorize and permit Plaintiff and Non-Exempt Employees to take paid rest breaks for every four hours worked or major fraction thereof.

186.   Rest periods, at times, were not authorized and permitted, in that they had illegal restrictions placed on them including that breaks could not be taken off-premises and/or had to be on-duty. Moreover, the rest break policy did not comply with California law by permitting rest breaks every "major fraction" of every four (4) hour work period.

187.   The reasons for Sherwood's non-compliance with meal and rest period laws requiring the provision of compliant breaks includes being a result of staff shortage, failure to provide coverage for breaks, and the failure to permit off-premise and off-duty breaks, and failure to provide a meal period and/or rest period when the shift length requires the provision of these breaks but when the scheduled shift did not require the provision of break(s).

188.    At times relevant since at least December 2, 2016, Sherwood has failed to pay rest premium wages to Non-Exempt Employees, including Plaintiff, for non-compliant rest breaks.  To the extent Sherwood paid any rest premiums, these premiums were not calculated properly and not paid at the employee's regular rate of compensation.

189.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.  California Labor Code §558 contains the civil penalties for each of the violations of California Labor Code §226.7. Accordingly, Plaintiff seeks the civil penalties set forth in California Labor Code §2699, including those under §558 as applicable, for Sherwood's violations of California Labor Code §226.7.

190.    In the event California Labor Code §558 does not provide for civil penalties for the specific violations alleged herein, the civil penalties found in California Labor Code §2699(f)(2) apply to each of Sherwood's violations of California Labor Code §226.7.

191.    Plaintiff requests penalties against Sherwood for its violation of California Labor Code §226.7 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

### SIXTEENTH CAUSE OF ACTION

**(For Violations of California Labor Code §§201-203
Brought Under PAGA by Plaintiff)**

192.    Plaintiff incorporates by reference and realleges each and every allegation contained above except for paragraphs 1, 15-19, 56-138.

193.    During the statutory period, Sherwood, through its conduct including that alleged herein, has willfully failed to pay Sales Employees, Non Exempt Employees, Paid Sick Time Employees, and Vacation Eligible Employees, including Plaintiff, whose employment had separated all wages due and owing by the times set forth in California Labor Code §§201-202, as applicable.  Sherwood further failed to pay the waiting time penalties as set forth in California Labor Code §203 to Sales Employees, Non Exempt Employees, Paid Sick Time Employees and Vacation Eligible Employees, including Plaintiff, whose employment had separated.

194.    PAGA, specifically California Labor Code §2699(a), allows recovery of civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties.  California Labor Code §§256 and 2699 contain the civil penalties collectable under the PAGA for violation of California Labor Code §203.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."  California Labor Code §§201-202 do not provide their own civil penalties. Because Sherwood is an employer that currently employs one or more employees, the civil penalties set forth in California Labor Code §2699(f)(2) apply to each of Sherwood's violations of California Labor Code §§201-202.   Accordingly, Plaintiff seeks the civil penalties permitted through California Labor Code §§256 and 2699(f)(2) for Sherwood's violations of California Labor Code §§201-203.

195.    Plaintiff requests penalties for its violations of California Labor Code §§201-203 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

### SEVENTEENTH CAUSE OF ACTION

**(For Violation of California Labor Code §204
Brought Under PAGA by Plaintiff)**

196.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 1, 15-19, 56-138.

197.    California Labor Code §204 provides that all wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays in compliance with the timing requirements under Section 204.

///

///

///

198.    Through Sherwood's conduct during the statutory period including that alleged herein, Sherwood has failed to timely pay wages during employment to Plaintiff, Non-Exempt Employees, Vacation Eligible Employees, Paid Sick Time Employees and Sales Employees in accordance with California Labor Code §204. Such conduct includes Sherwood's failure and refusal to pay all wages due and owing, including for overtime, paid vacation and sick time, meal and rest premiums, commissions/bonus commissions, and reporting time pay.

199.    Sherwood's failures to pay timely were willful or intentional. Indeed, its policies, procedures and practices were to willfully fail to pay wages times; these failures occurred routinely and were not isolated events. Sherwood and its management participated in generating payroll for Plaintiff and other Non-Exempt Employee, Vacation Eligible Employees, Paid Sick Time Employees and Sales Employees and were required to provide and maintain wage statements for them. Sherwood therefore know of the failures to pay timely and intend for the untimely payment of wages.

200.    PAGA, specifically California Labor Code §2699(a), allows recovery of civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties. California Labor Code §210 contains the civil penalties for violations of California Labor Code §204. Accordingly, Plaintiff seeks the civil penalties set forth in California Labor Code §2699, including those under §210 as applicable, for Defendants' violations of California Labor Code §204.

201.    In the event California Labor Code §210 does not provide for civil penalties for the specific violations alleged herein, the civil penalties found in California Labor Code §2699(f)(2) apply to each of Sherwood's violations of California Labor Code §204. California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, an employer employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

///

///

202.     Plaintiff requests penalties against Sherwood for violations of California Labor Code §204 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## EIGHTEENTH CAUSE OF ACTION

**(For Violation of California Labor Code §§221, 223, 224
Brought Under PAGA by Plaintiff)**

203.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 1, 15-19, 56-138.

204.     Pursuant to California Labor Code §221, it shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

205.     California Labor Code §221 provides that where any contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by the contract.

206.     California Labor Code §224 permits any portion of wages be withheld or diverted from an employee's pay only when required or empowered to do so by state or federal law or when a deduction is expressly authorized in writing by the employee when such deduction does not amount to a rebate or deduction from the standard wage pursuant to wage agreement or statute.

207.     California Labor Code §404(b) requires that any monies put up as a bond be returned to the employee under the requirements set forth in Section 404(b)

208.     At times relevant, Defendants had Sales Employees including Plaintiff sign commission agreements.  Contained in these agreements are Sherwood's commission policy.  In part, Sherwood's policy stated that it pays commission advances and bonus commission advances (before the payment of earned commissions) and that commissions are subject to chargebacks. These commission advances are to be calculated and paid to eligible sales associates on a calendar month basis, rather than the more frequent time periods (at least twice a month) set forth by Labor Code §204.

209.    Pursuant to Sherwood's policy, earned commission wages are not paid when earned and are subject to unlawful chargeback.  For example, a policy states that commissions will be earned and, therefore, no longer subject to adjustment as of the end of second calendar month following the calendar month in which the transaction originally occurred (a maximum of 92 days or less).  Further, re-employed employees are subjected to longer chargeback periods in that policy states that returns may be applied in a current month after re-employment for transactions which occurred prior to the termination. Sherwood's customer return/exchange policy permits returns/exchanges in a much shorter period of time than the chargeback policy.  For example, the in-store return policy is ten (10) days, and the in-store exchange policy is thirty (30) days.  The 30-day exchange policy states that the exchange has to be of equal or higher current selling price of the original article.  Further, policy states that there are exchange restrictions – final sales for example are not permitted to be exchanged.  Exchanges are subject to a $15 restocking fee. Online sales are subject to a 30-day return/exchange policy; these returns/exchanges are subject to certain restrictions and a $15 restocking fee.

210.    At times relevant, despite Sherwood's lean customer return/exchange policies, Sales Employees' chargeback period and scope is much broader than that permitted by customer return/exchange policies due to Sherwood's goodwill. For example, while the greatest exchange period is 30 days with restrictions, Sherwood's commission plan permits chargebacks for a much greater period of time and with less restrictions – at times 92 days or even longer.  To achieve "goodwill" of its customers, Sherwood accepts returns/exchanges beyond that stated in customer policy (including time and scope of return/exchange) but requires Sales Employees to eat the cost of Sherwood's goodwill.  In doing so, Sherwood improperly shifts the company's business losses to its commissioned employees through illegal chargebacks, commission forfeiture and unlawful deduction of wages. Through this conduct, Sherwood requires commissioned employees to give up a portion of their earned commissions/commission bonuses in order to compensate Sherwood for losses occasioned by its returns/exchange policy. In doing so, it is making its commissioned employees insurers of Sherwood's business losses. Furthermore, the chargeback plan does not account for the $15 restocking fee that the customer is subject to, which once again requires

1  commissioned employees to give up a portion of their earned commissions in order to compensate

2  Defendants for its business losses. To the extent other payments such as rewards, spiffs, incentive

3  plans are subject to similar chargebacks and timing of payment, this conduct would too be unlawful

4  with respect to these types of payments.

5      211.    Through Sherwood's conduct, including that alleged herein, Plaintiff and Sales

6  Employees have been unlawfully subjected to deduction of wages, in violation of Labor Code

7  §224, when Sherwood deduct returns from employees' commission wages (chargebacks).  Such

8  wage deductions are not authorized in writing by employees, nor are they required or empowered

9  by state or federal law.

10      212.    Through Sherwood's conduct, including that alleged herein, Plaintiff and

11  Employees have been required to repay earned and paid commission wages, in violation of Labor

12  Code §221,  as a result of Sherwood's charge back policy.

13      213.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover

14  civil penalties for the violation of provisions of the California Labor Code that contain their own

15  civil penalties.   California Labor Code §225.5 contains the civil penalties for violations of

16  California Labor Code §§221, 223, 224.  Accordingly, Plaintiff seeks the civil penalties set forth

17  in California Labor Code §225.5 for Sherwood's violations of California Labor Code §§221, 223,

18  224.  In the event the Labor Code does not provide civil penalties for the specific violations alleged

19  herein including Section 404(b), the civil penalties found in California Labor Code §2699(f)(2)

20  apply to each of Sherwood's violations of California Labor Code that do not specifically provide

21  civil penalties.

22      214.    Plaintiff requests penalties against Sherwood for violations of California Labor

23  Code §§221, 223, 224 as provided under PAGA, plus reasonable attorneys' fees and costs, in

24  amounts to be proved at trial.

25  ///

26  ///

27  ///

28  ///

### NINTEENTH CAUSE OF ACTION

**(For Violation of California Labor Code §226(a)
Brought Under PAGA by Plaintiff)**

215.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 1, 15-19, 56-138.

216.   California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages.

217.   Through Sherwood's conduct during the statutory period including that alleged herein, Sherwood furnished and continues to furnish Plaintiff, Vacation Employees, Non-Exempt Employees, Paid Sick Leave Employees and Sales Employees with wage statements that violate the requirements of California Labor Code §§226(a).

218.   At times relevant since at least December 2, 2016, Sherwood issued itemized wage statements that failed to contain or failed to accurately report the following information required by California Labor Code §226(a):

(i) gross wages earned (including as a result of (a) the failure to pay and record on the paystub all gross wages earned such as reporting time pay, meal and rest premiums, correct overtime wages, commissions and bonus commission wages; (b) not separating out commission/bonus commission earned wages from commission/bonus commission advance on wages; and (c) not paying all paid sick time and paid vacation time due);

(ii) net wages earned (including as a result of (a) the failure to pay and record on the paystub all gross wages earned such as reporting time pay, meal and rest premiums, correct overtime wages, commissions and bonus commission wages; and (b) not separating out commission/bonus commission earned wages from commission/bonus commission advance on wages; and (c) not paying all paid sick time and paid vacation time due);

(iii) total hours worked by the employee (including as a result of the failure to set forth the total hours worked separate and apart from any reporting of hours on the paystub);

(iv) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate (including as a result of the failure to record on the wage statement the applicable hourly rates in effect and the corresponding number

- 49 -

of hours worked for all forms of affected pay such as adjustments to regular and overtime pay, and payment of additional pay premium); and

(v) the inclusive dates of the period for which the employee is paid (including as a result of the failure to properly record the inclusive dates of the pay period when pay is being made for work date(s)/commissions/adjustments outside of the stated pay period and the failure to properly identify the pay periods for the employee's final pay check(s)).

219.    Moreover, Sherwood's wage statements do not specify the total hours worked for Non-Exempt Employees. For those Sales Employees receiving non-hourly pay such as commissions, additional pay premium, spiff, prizes, commission bonus, bonus, the wage statements omit the applicable rate(s) of pay, hours, if applicable, and inclusive dates for the period for which the employee is paid. Likewise, adjustments to pay on wage statements for California employees do not designate the inclusive dates for the period for which the employee is paid, and as applicable hours worked and applicable rates of pay. Employees receiving compensation for units generated such as referrals likewise are not issued wage statements that indicate number of units and associated rate of pay for the units generated.

220.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties. Specifically, civil penalties may be assessed against Defendants pursuant to California Labor Code §226.3 for violations of California Labor Code §226(a). California Labor Code §226.3 provides, in relevant part: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep records required in subdivision (a) of Section 226. The civil penalties provided in this section are in addition to any other penalty provided by law."

///

///

///

221.    In the event California Labor Code §226.3 does not provide for civil penalties for the specific violations alleged herein, the civil penalties found in California Labor Code §2699(f)(2) apply to each of Sherwood's violations of California Labor Code §226(a). California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, an employer employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

222.    Plaintiff requests penalties against Sherwood for its violation of California Labor Code §226(a) as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

### TWENTIETH CAUSE OF ACTION

**(For Violation of California Labor Code §1198 (Reporting Time Pay)
Brought Under PAGA by Plaintiff)**

223.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 1, 15-19, 56-138.

224.    It is a violation of California Labor Code §1198 if the applicable Wage Order provisions regarding reporting time pay are not complied with.

225.    Through Sherwood's conduct during the statutory period including that alleged herein, Sherwood failed comply with the standards set under the applicable Wage Order with respect to paying reporting time pay to Plaintiff and Non-Exempt Employees.

226.    Sherwood has failed to pay during times relevant reporting time pay to Plaintiff and Non-Exempt Employees (excluding employees on paid standby status who are called to perform work at a time other than the employee's scheduled reporting time) as a result of its failure to pay when an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work. Said "reporting" includes but is not limited to on-call scheduling, physically reporting to the worksite, and reporting through non-physical methods such as call-in/texting/email.

227.    In doing so, Sherwood has violated Labor Code §1198, 1197, and 1197.1 in addition to the Reporting Time Pay requirements of the applicable Wage Order.

228.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties. Specifically, civil penalties may be assessed against Defendants pursuant to California Labor Code §226.3 for violations of California Labor Code §226(a).  California Labor Code §226.3 provides, in relevant part: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep records required in subdivision (a) of Section 226.  The civil penalties provided in this section are in addition to any other penalty provided by law."

229.    In the event California Labor Code §226.3 does not provide for civil penalties for the specific violations alleged herein, the civil penalties found in California Labor Code §2699(f)(2) apply to each of Defendants' violations of California Labor Code §226(a). California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, an employer employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

230.    Plaintiff requests penalties against Sherwood for its violation of California Labor Code §226(a) as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

231.    PAGA, specifically California Labor Code §2699(f), establishes a civil penalty to be levied against California employers for violations of California Labor Code provisions that do not contain their own civil penalties.  California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, an employer employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

232.   To the extent California Labor Code §1198 does not provide its own civil penalties, penalties under §2699(f)(2) are sought.

233.   California Labor Code §1197.1 provides that any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than by an order of the commission shall be subject to a civil, restitution of wages, liquidated damages payable to the employee, and any applicable penalties imposed pursuant to Section 203 as follows: (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203; (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages, liquidated damages pursuant to Section 1194.2, and any applicable penalties imposed pursuant to Section 203; (3) Wages, liquidated damages, and any applicable penalties imposed pursuant to Section 203, recovered pursuant to this section shall be paid to the affected employee.

234.   Plaintiff requests penalties for Sherwood's violations of California Labor Code §§1194, 1198 as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proven at trial.

### TWENTY-FIRST CAUSE OF ACTION

**(For Violation of California Labor Code §432.3(b)
Brought Under PAGA by Plaintiff)**

235.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraphs 1, 15-19, 56-138.

236.   California Labor Code §432.3(b) provides that an employer shall not, orally in or writing, personally or through an agent, seek salary history information, including compensation and benefits, about an applicant for employment.

237.    Sherwood violates Section 432.3(b) in that its application including that available on-line seeks salary history information.

238.    PAGA, specifically California Labor Code §2699(a), allows Plaintiff to recover civil penalties for the violation of provisions of the California Labor Code that contain their own civil penalties. In the event California Labor Code §432.3(b) does not provide for civil penalties for the specific violations alleged herein, the civil penalties found in California Labor Code §2699(f)(2) apply to each of Sherwood's violations of California Labor Code §432.3(b). California Labor Code §2699(f)(2) provides that "[i]f, at the time of the alleged violation, an employer employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

239.    Plaintiff requests penalties against Sherwood for its violation of California Labor Code §432.3(b) as provided under PAGA, plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Classes;

3.    That Plaintiff be appointed as the representative of the Subclasses; and

4.    That counsel for Plaintiff be appointed as counsel for the Classes and Subclasses.

### On the First Cause of Action

1.    For all vacation wages;

2.    For reasonable attorneys' fees and costs;

3.    For such other and further relief as the Court deems proper.

///

///

///

- 54 -

On the Second Cause of Action

4.      For all equitable, restitutionary, and injunctive relief available;

5.      For reasonable attorneys' fees and costs;

6.      For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.      For one hour of premium pay for each day in which a required rest period was not provided;

2.      For pre-judgment interest on any unpaid rest period compensation due from the day that such amounts were due;

3.      For payment of waiting time penalties according to proof;

4.      For reasonable attorneys' fees and costs;

5.      For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.      For one hour of premium pay at the regular rate of compensation for each day in which a required meal period was not provided;

2.      For pre-judgment interest on any unpaid rest period compensation due from the day that such amounts were due;

3.      For payment of waiting time penalties according to proof;

4.      For reasonable attorneys' fees and costs;

5.      For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.      For all unpaid wages;

2.      For reasonable attorneys' fees and costs;

3.      For interest;

4.      For such other and further relief as the Court deems proper.

///

///

///

On the Sixth Cause of Action

5.    For all unpaid regular wages;

6.    For reasonable attorneys' fees and costs;

7.    For interest;

8.    For such other and further relief as the Court deems proper.

On the Seventh Cause of Action

9.    For all unpaid overtime wages;

10.   For reasonable attorneys' fees and costs;

11.   For interest and liquidated damages;

12.   For such other and further relief as the Court deems proper.

On the Eighth Cause of Action

1.    For statutory damages pursuant to California Labor Code §226(e);

2.    For reasonable attorneys' fees and costs pursuant to California Labor Code §226(e) and (h);

3.    For injunctive relief pursuant to California Labor Code §226(h);

4.    For such other and further relief as the Court deems proper.

On the Ninth Cause of Action

1.    For statutory penalties pursuant to California Labor Code §203

2.    For reasonable attorneys' fees and costs;

3.    For such other and further relief as the Court deems proper.

On the Tenth Cause of Action

1.    That Defendants pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay wages during the statutory period in an amount according to proof;

2.    That Defendants pay restitution and/or disgorgement for their wrongful retention of wages beyond the timeframes set forth in California Labor Code §204.

3.    For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

- 56 -

4.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure §1021.5;

5.      For costs of suit incurred herein;

6.      For such other and further relief as the Court deems proper.

On the Eleventh through Twenty-First Causes of Action

1.      For civil penalties according to proof;

2.      For reasonable attorneys' fees and costs; and

3.      For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this matter on all matters permitted by jury trial.

Dated: April 14, 2019                         RICHARD LAW, P.C.


By:  Diane Richard
     DIANE E. RICHARD (SBN: 204897)
     Attorneys for Plaintiff

FIRST AMENDED COMPLAINT – CLASS AND PAGA ACTION

EXHIBIT A

**From:** **LWDA DO NOT REPLY** lwdadonotreply@dir.ca.gov
**Subject:** Thank you for submission of your PAGA Case.
**Date:** February 7, 2019 at 2:40 PM
**To:** diane@richardlawpc.com



2/7/2019

LWDA Case No. LWDA-CM-664197-19

Item submitted: Initial PAGA Notice

Thank you for your submission to the Labor and Workforce Development Agency. Please make a note of the LWDA Case No. above as you may need this number for future reference when filing any subsequent documents for this Case.

If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

**RICHARD LAW, P.C.**
5060 N. Harbor Drive, Suite 265
San Diego, CA 92106
Ph: 619.880.5517 Email: diane@richardlawpc.com

February 7, 2019

<u>**VIA ONLINE SUBMISSION**</u>

STATE OF CALIFORNIA
LABOR & WORKFORCE DEVELOPMENT AGENCY/DIR

<u>**VIA U.S. CERTIFIED MAIL**</u>

SHERWOOD MANAGEMENT CO., INC.  SHERWOOD MANAGEMENT CO., INC.
5700 HANNUM AVE STE 200     C/O CT CORPORATION SYTEM, AGENT
CULVER CITY CA 90230      FOR SERVICE OF PROCESS
             818 WEST SEVENTH STREET, SUITE 930
             LOS ANGELES, CA 90017

  **Re:**  <u>**Notice of Claims/Labor Code Private Attorneys General Act of 2004, California
      Labor Code §2698, *et seq*.**</u>

To: California Labor and Workforce Development Agency, and Sherwood Management Co., Inc:

This firm represents Laverna Shannon who is a former employee at Sherwood Management Co., dba Daniel's Jewelers ("Sherwood").  This notice is intended to constitute notice, including notice pursuant to the California Labor Code Private Attorneys General Act of 2004, California Labor Code §2698, et seq. ("PAGA"), of the provisions of the California Labor Code ("LC") alleged to have been violated including the facts and theories to support the alleged violations by Sherwood. Ms. Shannon alleges that Sherwood has violated the following California Labor Code provisions with respect to her and other aggrieved California employees.

<u>Failure to Provide Meal Periods and Authorize and Permit Paid Rest Periods/Failure to Pay Correct Meal and Rest Break Premiums</u>

Sherwood failed to provide compliant meal periods and authorize and permit compliant paid rest periods at all times to non-exempt California employees including Ms. Shannon.  Meal periods, at times, were late, less than 30 minutes in length, interrupted/on-duty, controlled, not provided at all when required, or had illegal restrictions placed on them including that breaks could not be taken off-premises.  Moreover, policy did not provide for second meal periods when the work period was greater than ten (10) hours. Rest periods, at times, were not authorized and permitted, less than a net 10 minutes in length, interrupted/on-duty, controlled, not provided at all when required, or had illegal restrictions placed on them including that breaks could not be taken off-premises. The reasons for Sherwood's non-compliance with meal and rest period laws requiring the provision of compliant breaks includes being a result of staff

February 7, 2019
Page 2

shortage, customer service requirements set by Sherwood, failure to provide coverage for breaks, failure to permit off-premise and off-duty breaks, and failure to provide a meal period and/or rest period when the shift length requires the provision of these breaks but when the scheduled shift did not require the provision of break(s).  Moreover, the rest break policy did not comply with California law by permitting rest breaks every "major fraction" of every four (4) hour work period. Sherwood has failed to pay any rest premium wages to non-exempt California employees, including Ms. Shannon, for non-compliant rest breaks.  When Sherwood did pay meal premiums to non-exempt employees, it did so at the incorrect rate of pay in that the meal premiums were paid at a sum less than the affected employee's regular rate of compensation which includes not only the employee's base rate but also commissions, commission bonuses, incentive pay, spiffs and other forms of qualifying compensation/benefits during that period. To the extent Sherwood paid any rest premiums, the computation similar to that of meal premiums likewise would have been incorrect. Sherwood has violated California Labor Code sections 226.7(b) and (c), 512, and 1198.  Additionally, Sherwood has violated LC section 204 by failing to pay premium wages due for meal and rest premiums during employment at the times proscribed by Section 204 and Sections 201/22 and 203 by failing to pay these wages by the time proscribed by Sections 201/202 and failing to pay a waiting time penalty. Wage statement violations additionally have occurred as a result of Sherwood's break and break premium wage violations in that, in violation of LC section 226(a), meal and rest break premiums wages earned are reported incorrectly on wage statements.


Unpaid Overtime Wages

Sherwood fails to accurately pay overtime wages to non-exempt California employees, including Ms. Shannon, as a result of not calculating the overtime rate of pay properly through conduct including: failing to include all forms of qualified pay/benefits in the overtime rate of pay, not including commission/commission bonus chargebacks in the overtime rate of pay for commissions that were illegally charged backed, and not using as the divisor the correct number of hour. As a result of these actions, Sherwood fails to pay overtime wages correctly thereby violating California LC sections 510, and 1198.  Additionally, Sherwood has violated LC section 204 by failing to these wages during employment when due at the times proscribed by Section 204 and Sections 201/22 and 203 by failing to pay these wages by the time proscribed by Sections 201/202 and failing to pay a waiting time penalty. Wage statement violations additionally have occurred as a result of Sherwood's overtime violations in that, in violation of LC section 226(a), earned overtime wages are reported incorrectly on wage statements, and the applicable overtime rate of pay is listed incorrectly.

Failure to Pay Reporting Time Pay

Sherwood fails to pay reporting time pay to non-exempt California employees, including Ms. Shannon, (excluding employees on paid standby status who are called to perform assigned work at a time other than the employee's scheduled reporting time) as a result of its failure to pay when an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work.  Said "reporting" includes but is not limited to on-call scheduling, physically reporting to the worksite, and reporting through non-physical methods such as call-in/texting/email. Sherwood has violated Wage Order 7, Section 5 (Reporting Time Pay), and California LC sections 201-204, 226, 1197, 1197.1. and 1198.  Sherwood has violated LC section 204 by failing to pay reporting time pay at the times proscribed by Section 204 and Sections 201/22 and 203 by failing to pay these wages by

February 7, 2019
Page 3

the time proscribed by Sections 201/202 and failing to pay a waiting time penalty. Wage statement violations additionally have occurred as a result of Sherwood's reporting time pay violations in that, in violation of LC section 226(a), reporting time and the associated rate of pay and gross and net wages earned are not reported.

<u>Unpaid Vacation Wages</u>

Sherwood has a paid vacation policy that Ms. Shannon and other eligible California employees are subject to. Sherwood's vacation policy violates California law. Specifically, in contravention of California law, Sherwood has a use-it-or-lose/unreasonable cap policy. Specifically, Sherwood caps the amount of vacation that an employee may have on the books at less than permitted by law e.g. at two (2) weeks (which is the amount of vacation that employees earn after the first year of employment). When the cap is reached, Sherwood's policy is that vacation is not earned until the time on the books falls below the cap. Moreover, Sherwood imposes unreasonable restrictions on when vacation time may be used during the year which then impacts the ability to use earned vacation time and thus the imposition of the unreasonable cap on vacation. Sherwood additionally fails to calculate earned vacation time properly and moreover does not pay vacation time at the correct rate of pay. All unused vested vacation time moreover is not paid out at the final rate of pay upon separation of employment including as a result of errors in the calculation of accrual, the use-it-or-lose it/capping policies, and not paying at the final rate of pay. As a result, Sherwood violated California LC section 227.3 with respect California employees eligible for and subject to the vacation policy. Additionally, Sherwood has violated LC section 204 by failing to these wages during employment when due at the times proscribed by Section 204 and Sections 201/22 and 203 by failing to pay these wages by the time proscribed by Sections 201/202 and failing to pay a waiting time penalty. Wage statement violations additionally have occurred as a result of Sherwood's vacation violations, in violation of LC section 226(a), in that the rate of pay for vacation wages and earned wages are reported incorrectly on the wage statement.

<u>Non-Complaint Paid Sick Leave</u>

LC sections 246-247 require that Sherwood provide paid sick leave pursuant to the requirements of these sections including at the amount, terms, and rate of compensation set forth in said sections. Sherwood has not complied with Section 246 with respect to its California employees in that it has failed to properly compute the amount due for paid sick leave in conformance with the pay calculation under Section 246. Sherwood furthermore imposes restrictions on the use of paid sick leave which violate California law including but not limited to restricting the time of the year when paid sick leave may be used, thereby denying mandated paid sick time to its employees in violation of Section 247. In violation of Section 247, Sherwood denies employees the right to use accrued sick days, discharges, threatens to discharge, demote, suspend and/or discriminates against employees for using accrued sick days, attempting to exercise the right to use accrued sick days, or engaging in other activity protected by Section 247. Indeed, Sherwood has terminated and/or forced resignation of employment when paid sick leave use would be during certain time periods. Written notice of available paid sick time further is not appropriately recorded as required by Section 246(i). As a result of this conduct, Sherwood has violated LC sections 201-204, 226(a), and 246-247.

February 7, 2019
Page 4

<u>Unlawful Chargebacks/Unpaid Commissions, Commission Bonuses/Deductions from Wages</u>

Sherwood's policy provides that certain California employees including Sales/Store Associates are eligible for non-hourly pay such as commissions, spiffs, commission bonuses, and prizes.  Sherwood has a Commission Program for Sales Associates in writing.  This Program sets forth, in part, that Sherwood pays commission advances and bonus commission advances (before the payment of earned commissions) and that commissions are subject to chargebacks.  These commission advances are to be calculated and paid to eligible sales associates on a calendar month basis according to Sherwood's policy, rather than the more frequent time periods (at least twice a month) set forth by LC section 204. For separated employees, Commission Advances, according to the policy, will be calculated and paid not more than 30 days after termination despite that the commissions can be calculated prior to the time of payment – a violation of LC sections 201-203. Commissions are generally paid as a percentage of "net" sales, which is computed in part by deducting returns from sales and then multiplying the result by the percentage for the commissionable sales.  Pursuant to Sherwood's policy, earned commission wages are not paid when earned and are subject to unlawful chargeback.  For example, a policy states that commissions will be earned and, therefore, no longer subject to adjustment as of the end of second calendar month following the calendar month in which the transaction originally occurred (a maximum of 92 days or less).  Further, re-employed employees are subjected to longer chargeback periods in that policy states that returns may be applied in a current month after re-employment for transactions which occurred prior to the termination. Sherwood's customer return/exchange policy permits returns/exchanges in a much shorter period of time than the chargeback policy.  For example, the in-store return policy is ten (10) days, and the in-store exchange policy is thirty (30) days.  The 30-day exchange policy states that the exchange has to be of equal or higher current selling price of the original article.  Further, policy states that there are exchange restrictions – final sales for example are not permitted to be exchanged.  Exchanges are subject to a $15 restocking fee. Online sales are subject to a 30-day return/exchange policy; these returns/exchanges are subject to certain restrictions and a $15 restocking fee. Despite Sherwood's lean customer return/exchange policies, Sherwood's commissioned employees' chargeback period and scope is much broader than that permitted by customer return/exchange policies due to Sherwood's goodwill. For example, while the greatest exchange period is 30 days, Sherwood's commission plan permits chargebacks for a much greater period of time – 92 days or even longer.  To achieve "goodwill" of its customers, Sherwood accepts returns/exchanges beyond that stated in customer policy (including time and scope of return/exchange) but requires its commissioned employees to eat the cost of Sherwood's goodwill.  In doing so, Sherwood improperly shifts the company's business losses to its commissioned employees through illegal chargebacks, commission forfeiture and unlawful deduction of wages. Through this conduct, Sherwood requires commissioned employees to give up a portion of their earned commissions/commission bonuses in order to compensate Sherwood for losses occasioned by its returns/exchange policy. In doing so, it is making its commissioned employees insurers of Sherwood's business losses. Furthermore, the chargeback plan does not account for the $15 restocking fee that the customer is subject to, which once again requires commissioned employees to give up a portion of their earned commissions in order to compensate Sherwood for its business losses. To the extent other payments such as rewards, spiffs, incentive plans are subject to similar chargebacks and timing of payment, this conduct would too be unlawful with respect to these types of payments.  Further, Sherwood fails to provide appropriate backup documentation regarding the accounting and payments of commission/commission bonus, spiffs, awards, incentive compensation. As a result of Sherwood's conduct, Sherwood violates LC sections 201-204, 221, 223-224, 226(a), 404(b), and 1198.  Sherwood has violated LC section 204 by failing to these wages during employment when due at the times proscribed by Section 204 and Sections 201/22 and 203 by failing to pay these wages by the

February 7, 2019
Page 5

time proscribed by Sections 201/202 and failing to pay a waiting time penalty. Wage statement violations additionally have occurred as a result of Sherwood's violations in that, in violation of LC section 226(a), earned wages are reported incorrectly on wage statements due to the unlawful chargebacks.  Additionally, the wage statements do not differentiate between commission advances and earned commissions and thus if all or part of the commissions itemized on the wage statements are in fact commission advances, then the amount of gross and net wages .

<u>Unlawful Request for Salary Information</u>

LC section 432.3(b) provides that an employer shall not orally or in writing seek salary history information, including compensation and benefits about an applicant for employment.  Sherwood violates this section in that its application including that available on-line seeks salary history information.

<u>Failure to Provide and Maintain Accurate and Compliant Wage Statements</u>

Other wage statement violations also occur.  Sherwood's wage statements do not specify the total hours worked for non-exempt California employees. Further, for those employees receiving non-hourly pay such as commissions, additional pay premium, spiff, prizes, commission bonus, bonus, the wage statements omit the applicable rate(s) of pay, hours, if applicable, and inclusive dates for the period for which the employee is paid. Likewise, adjustments to pay on wage statements for California employees do not designate the inclusive dates for the period for which the employee is paid, and as applicable hours worked and applicable rates of pay. Employees receiving for units generated such as referrals likewise are not issued wages statements that indicate number of units and associated rate of pay for the units generated. This conduct violates LC section 226(a).

Please feel free to contact the undersigned with any questions you may have.

Very truly yours,

Diane E. Richard