# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):* SHERWOOD MANAGEMENT CO., INC. and DOES 1-10, Inclusive | *FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE)* **ELECTRONICALLY FILED** Superior Court of California, County of San Diego **02/08/2019** at 04:33:30 PM Clerk of the Superior Court By Richard Day, Deputy Clerk |

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LAVERNA SHANNON, individually and on behalf of other employees similarly situated and in a representative capacity

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Diego 330 W. Broadway San Diego, CA 92101 | **CASE NUMBER:** *(Número del Caso):* 37-2019-00007617-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Diane E. Richard, Richard Law, P.C. 5060 N Harbor Dr., Ste 265, San Diego, CA 92106 (619) 880-5517

| | | |
|---|---|---|
| DATE: 02/11/2019 *(Fecha)* | Clerk, by _R. Day_ R. Day *(Secretario)* | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

RICHARD LAW, P.C.
DIANE E. RICHARD (SBN: 204897)
diane@richardlawpc.com
5060 N. Harbor Drive, Suite 265
San Diego, CA 92106
Telephone: (619) 880-5517 x101

Attorneys for Plaintiff Laverna Shannon

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/08/2019** at 04:33:30 PM

Clerk of the Superior Court
By Richard Day,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| LAVERNA SHANNON, individually and on behalf of other employees similarly situated and in a representative capacity, <br><br> Plaintiff, <br><br> v. <br><br> SHERWOOD MANAGAMENT CO., INC. and <br> DOES 1-10, Inclusive, <br><br> Defendants. | Case No.:   37-2019-00007817-CU-OE-CTL <br><br> **CLASS ACTION** <br><br> **CLASS ACTION AS TO PLAINTIFF'S FIRST THROUGH TENTH CAUSES OF ACTION** <br><br> **COMPLAINT FOR:** <br><br> **(1) FAILURE TO PAY VACATION WAGES;** <br><br> **(2) FAILURE TO COMPLY WITH CAL. LABOR CODE §§245 ET SEQ.** <br><br> **(3) FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS AND PAY REST PREMIUMS;** <br><br> **(4) FAILURE TO PROVIDE MEAL PERIODS AND PAY MEAL PREMIUMS;** <br><br> **(5) UNLAWFUL DEDUCTION AND REPAYMENT OF WAGES;** <br><br> **(6) FAILURE TO PAY REGULAR WAGES;** <br><br> **(7) FAILURE TO PAY PROPER OVERTIME WAGES;** <br><br> **(8) FAILURE TO PROVIDE ACCURATE AND COMPLAINT WAGE STATEMENTS;** <br><br> **(9) FAILURE TO TIMELY PAY WAGES UPON SEPARATION OF EMPLOYMENT;** <br><br> **(10) UNFAIR COMPETITION** <br><br> **DAMAGES EXCEED $25,000** <br><br> <u>**DEMAND FOR JURY TRIAL**</u> |

COMES NOW Plaintiff Laverna Shannon ("Plaintiff"), individually and on behalf of the public, employees similarly situated and in a representative capacity, and asserts claims against Sherwood Management Co., Inc. doing business as Daniel's Jewelers ("Sherwood"), and Does 1 through 10, inclusive, (collectively, with Sherwood, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is an individual action, in addition to, a class action (Causes of Action One through Ten) brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the California Superior Court and will be established according to proof at trial.

2.      Plaintiff will also be bringing a California Labor Code Private Attorneys General ("PAGA") enforcement action against Defendants and will amend her complaint to do so at a later time pursuant to the PAGA to seek penalties against Defendants.

3.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.

4.      This Court has jurisdiction over Defendants because, upon information and belief, each defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

5.      Venue is proper in this Court because Sherwood transacts business in San Diego County and Plaintiff performed work for Sherwood in San Diego County.

///

///

///

///

- 1 -

CLASS ACTION COMPLAINT

**PARTIES**

6.    Plaintiff Laverna Shannon is, and at all times mentioned in this complaint was a resident of California, who also performed work for Sherwood as an employee in California. Plaintiff was an "employee," at times relevant, as that term is defined in the California Labor Code and California Industrial Welfare Commission Wage Order.

7.    Sherwood Management Co., Inc., a California corporation, does business as Daniel's Jewelers.  Sherwood is in the retail jewelry line of business and has more than 100 retail stores in California.

8.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein Sherwood was and is a company that was at all times mentioned herein licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Sherwood did and continues to transact business in California, including in the County of San Diego, and the conduct and injuries alleged herein occurred in California, including in the County of San Diego. Plaintiff is informed and believes, and thereon alleges, that Sherwood is an "employer" as that term is used in the California Labor Code and applicable California Industrial Welfare Commission ("IWC") Wage Order.

9.    Whenever in this complaint reference is made to any act, deed, or conduct of Sherwood, the allegation means that Sherwood engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Sherwood.

10.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues said defendants (the "Doe Defendants") by such fictitious names.  Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

///

///

CLASS ACTION COMPLAINT

11.     Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Sherwood and of each other; that Sherwood and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of named defendants as alleged herein.

12.     Plaintiff is further informed and believes, and thereon alleges, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Sherwood or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as Sherwood in this complaint, but were employees and/or agents of Defendants, such individuals at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## **CLASS ACTION ALLEGATIONS**

13.     Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seek class certification under California Code of Civil Procedure §382.

14.     All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

15.     The proposed Vacation Class is comprised of and defined as:

> Any and all California employees who were eligible at any time during the statutory period for paid vacation at Sherwood Management Co., Inc. through a contract of employment and/or employer policy but outside of a collective-bargaining agreement (collectively "Vacation Class Members").

///

///

The proposed Vacation Subclass is comprised of and defined as:

Any and all Vacation Class Members whose employment at Sherwood Management Co., Inc. ended at any time since four years prior to the filing of the original complaint in this action until resolution of this lawsuit, and who were not paid all vacation wages at their final rate at the time of separation of employment (collectively, the "Vacation Subclass Members").

The proposed California Paid Sick Time Class is comprised of and defined as:

Any and all Sherwood Management Co., Inc. California employees who, at any time since four years prior to the filing of the original complaint in this action until resolution of this lawsuit, were eligible for paid sick leave pursuant to California's Healthy Workplaces, Healthy Families Act of 2014 (Cal. Labor Code §§245 et seq) (collectively, the "CA Paid Sick Time Class Members").

The proposed Sales Class is comprised of and defined as:

Any and all Sherwood Management Co., Inc. California employees who, at any time since four years prior to the filing of the original complaint in this action until resolution of this lawsuit, were eligible to receive commissions, commission bonuses, and/or any other form of compensation relating to sales work, whether in the form of wages or advance of wages (collectively, the "Sales Class Members").

The proposed Non-Exempt Class is comprised of and defined as:

Any and all persons who are or were employed by Sherwood Management Co., Inc. and who is/was a non-exempt employee at any time since four years prior to the filing of the original complaint in this action until resolution of this lawsuit (collectively, the "Non-Exempt Class Members").

16.     There is a well-defined community of interest in this litigation and the Classes and Subclasses are easily ascertainable as set forth below:

a.     <u>Numerosity</u>:  The members of each of the Class and Subclasses are so numerous that joinder of all Members of each Class and Subclass would be unfeasible and impractical.  The entire membership of each of the Classes and Subclasses is unknown to Plaintiff at this time, however, each is estimated to be greater than 100 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.     <u>Typicality</u>:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each Class Member and Subclass Member with whom Plaintiff has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any Class Member and/or Subclass Member, and the relief sought is typical of the

- 4 -

1   relief which would be sought by each of the Class Members and/or Subclass Members in separate

2   actions.   The members within each Class and the members within each Subclass have been

3   similarly harmed due to Defendants' policies and practices.   Further, Defendants benefited from

4   the same type of unfair and/or wrongful acts as to each Class Member and Subclass Member.

5           c.      Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect

6   the interests of each Class Member and Subclass Member with whom Plaintiff has a well-defined

7   community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an

8   obligation to make known to the Court any relationships, conflicts, or differences with any Class

9   Member and/or Subclass Member.   Plaintiff's attorneys and the proposed Class and Subclass

10  counsel are versed in the rules governing class action discovery, certification, and settlement and

11  experienced in handling such matters.

12          d.      Superiority:   The nature of this action makes the use of class action

13  adjudication superior to other methods.   A class action will achieve economies of time, effort,

14  judicial resources, and expense compared to separate lawsuits.  The prosecution of separate actions

15  by individual members of the Class and/or Subclass would create a risk of inconsistent and/or

16  varying adjudications with respect to the individual Class Members and/or Subclass Members,

17  establishing incompatible standards of conduct for the Defendants and resulting in the impairment

18  of the Class Members' and/or Subclass Members' rights and the disposition of their interests

19  through actions to which they were not parties.

20          e.      Public Policy Considerations:  Employers in the state of California violate

21  employment and labor laws every day.   Current employees are often afraid to assert their rights

22  out of fear of direct or indirect retaliation.   Former employees are fearful of bringing actions

23  because they believe their former employers may damage their future endeavors through negative

24  references and/or other means.   The nature of this action allows for the protection of current and

25  former employees' rights without fear for retaliation or damage.

26          17.     There are common questions of law and fact as to each of the Classes and the

27  Subclasses that predominate over questions affecting only individual members of each Class and

28  Subclass including, but not limited to:

- 5 -

1        (a)      Whether Defendants' vacation plan contains an illegal use-it-or-lose it

2  component and/or unreasonable cap;

3        (b)      Whether Defendants have failed to pay all vested, unused vacation wages

4  at the final rate of pay to Vacation Subclass Members in violation of California Labor Code §227.3;

5        (c)      Whether Defendants' paid sick leave policy violates California Labor Code

6  §§245 et. seq. and denies Paid Sick Leave Class Members wages;

7        (d)      Whether Defendants' commission plan agreement that Sales Class

8  Members are subject to is lawful;

9        (e)      Whether Sales Class Members have been subjected to unlawful deduction

10  of wages;

11        (f)      Whether Defendants failed to pay Sales Class Members all commission

12  wages due;

13        (g)      Whether Defendants failed to provide meal periods and authorize paid rest

14  breaks to Non-Exempt Class Members in accordance with California Labor Code §§226.7 and 512

15  and the applicable IWC Wage Order;

16        (h)      Whether Defendants' pay practices resulted in the failure to provide meal

17  and rest premium wages at the correct rate of compensation to Non-Exempt Class Members in

18  accordance with California Labor Code §226.7 and the applicable IWC Wage Order;

19        (i)      Whether Defendants' pay practices resulted in the failure to provide

20  overtime wages at the correct rate of compensation to Non-Exempt Class Members in accordance

21  with California Labor Code §510 and the applicable IWC Wage Order;

22        (j)      Whether Defendants have been denied wages through Defendants' failure

23  pay reporting time wages to Non-Exempt Class Members;

24        (k)      Whether Defendants fails to timely pay wages to in accordance with

25  California Labor Code requirements under California Labor Code §§201-203;

26        (l)      Whether Defendants complied with reporting requirements of the California

27  Labor Code, including but not limited to California Labor Code §226;  and

28

1      (m) Whether Defendants engaged in unfair competition in violation of

2   California Business & Professions Code §17200, *et seq*.; and

3      (n) The appropriate amount of damages, restitution, and/or monetary penalties

4   and injunctive relief resulting from Defendants' violations of California law.

5           **<u>FACTUAL ALLEGATIONS</u>**

6     18. During the relevant time period, Defendants employed Plaintiff as a non-exempt

7   employee.

8     19. Plaintiff's position was that in sales wherein she was eligible to receive base pay

9   plus additional compensation including but not limited to non-discretionary commissions,

10  commission bonuses, spiffs, prizes, awards, bonuses and incentive compensation.  Additionally,

11  she was eligible for employee discounts. On information and belief, other Sherwood California

12  employees have been eligible for similar compensation and discounts.

13    20. Defendants employ other non-exempt persons, and persons in sales, however titled,

14  throughout the state of California.

15    21. During the time Plaintiff worked at Sherwood during the relevant time period,

16  Plaintiff was non-exempt and thus was not exempt from California wage and hour protections

17  including overtime wages for all hours worked; meal and rest breaks; meal and rest premium

18  wages; itemized wage statements; timely payment of wages; and reporting time pay. On

19  information and belief, Non-Exempt Class Members too are/were not exempt from receiving these

20  benefits and protections under the law.

21    22. During the time Plaintiff worked at Sherwood, Plaintiff was eligible for California

22  paid sick time as set forth in California Labor Code §§245 et seq. On information and belief, CA

23  Paid Sick Time Class Members too are/were eligible for California paid sick time as set forth in

24  California Labor Code §§245 et seq.

25    23. During the time Plaintiff worked at Sherwood, Plaintiff was eligible for paid

26  vacation time under Defendants' vacation plan. On information and belief, Vacation Class

27  Members too are/were eligible for paid vacation time under Defendants' vacation plan.

28  ///

24.     During the time Plaintiff worked at Sherwood during the relevant time period, Plaintiff was eligible to receive commissions, commission bonuses, and/or any other form of compensation relating to sales work, whether in the form of wages or advance of wages.  On information and belief, Sales Class Members too are/were eligible to receive commissions, commission bonuses, and/or any other form of compensation relating to sales work, whether in the form of wages or advance of wages.

**PAID VACATION POLICY**

25.     At times relevant, Defendants have had a paid vacation policy that Plaintiff and Vacation Class Members are subject to.  This policy is outside of a collective bargaining agreement.

26.     In contravention of California law, Defendants' vacation policy contains an unlawful use-it-or-lose/unreasonable cap component.  Specifically, Defendants cap the amount of vacation that an employee may have on the books at less than permitted by law e.g. at two (2) weeks (which is the amount of vacation that employees earn after the first year of employment). When the cap is reached, Defendants' policy is that vacation is not earned until the time on the books falls below the cap.

27.     Defendants' vacation policy further contains unreasonable restrictions on when vacation time may be used during the year.  The unreasonable restrictions impact the ability to use earned vacation time during the year.  For example, Defendants' policy is that vacation time may only be used during time periods designated by Defendants; the time periods designated by Defendants, at times relevant, have cumulatively total up to be approximately four (4) months, leaving approximately eight (8) months where  vacation time is restricted. Because of these time restrictions, Plaintiff and Vacation Class Members are not given adequate time to use their vacation time.  As an additional consequence, the time restrictions negatively impacts the accruing of further vacation time due Defendants' cap on the amount of vacation that one may have on the books.

///

///

28.     Defendants further fail to accrue earned vacation time properly according to its policy, and fail to pay vacation time at the correct rate of pay.  Defendants pay vacation at employees' straight rate of pay rather than the true rate of compensation which includes non-base pay such as commissions and bonuses in addition to other forms of pay.

29.     All unused, vested vacation time moreover is not paid out at the final rate of pay upon separation of employment including as a result of errors in the calculation of accrual, the use-it-or-lose it/capping policies, and not paying at the final rate of pay.

## PAID SICK TIME POLICY

30.     California Labor Code §§245 et seq. requires that Defendants provide paid sick time to Plaintiff and CA Paid Sick Time Class Members pursuant to the requirements of California's Healthy Workplaces, Healthy Families Act of 2014,  including at the amount, terms, and rate of compensation set forth in said law.

31.     At times relevant, Defendants have failed compute the amount due for paid sick time in conformance with the pay calculation under California Labor Code §246(l).  Rather than calculating the amount of paid sick time due when sick time is used according to the requirements set forth in California §246(l), Defendants paid sick leave out at a lower rate, in violation of the law. Moreover, the maximum sick time permitted to be used in a day is capped rather than permitting employees to determine how much sick time they want to use in violation of California Labor Code §246(k), thereby denying, at times, paid sick time wages.

32.     Defendants furthermore impose restrictions on the use of paid sick time that violate California Labor Code §§245 et seq. including but not limited to restricting the time of the year when paid sick leave may be used, thereby denying mandated paid sick time to its employees in violation of §247.  In violation of §247, Defendants deny employees the right to use accrued sick days, discharges, threatens to discharge, demote, suspend and/or discriminates against employees for using accrued sick days, attempting to exercise the right to use accrued sick days, or engaging in other activity protected by Section 247. Indeed, Defendants forced Plaintiff to terminate her employment as a result of her request to use paid sick time during a time period Defendants has designated as a no-use period.  Written notice of available paid sick time further has not

- 9 -

1    appropriately recorded as required by Section 246(i) at all times relevant.

2                               **REPORTING TIME PAY**

3          33.    At times relevant, Defendants have failed to pay reporting time pay Plaintiff and

4    other Non-Exempt Class Members as a result of its failure to pay when an employee is required to

5    report for work and does report, but is not put to work or is furnished less than half said employee's

6    usual or scheduled day's work.  Said "reporting" includes but is not limited to on-call scheduling,

7    physically reporting to the worksite, and reporting through non-physical methods such as call-

8    in/texting/email.

9                     **MEAL AND REST PERIODS AND PREMIUMS**

10         34.    At times relevant since at least December 2, 2016, Defendants have failed to

11   provide compliant meal periods and authorize and permit compliant paid rest periods at all times

12   to Non-Exempt Class Members, including Plaintiff.

13         35.    Meal periods, at times, had illegal restrictions placed on them including that breaks

14   could not be taken off-premises and/or had to be on-duty. Moreover, policy did not provide for

15   second meal periods when the work period was greater than ten (10) hours.

16         36.    Rest periods, at times, were not authorized and permitted, in that they had illegal

17   restrictions placed on them including that breaks could not be taken off-premises and/or had to be

18   on-duty. Moreover, the rest break policy did not comply with California law by permitting rest

19   breaks every "major fraction" of every four (4) hour work period.

20         37.    The reasons for Defendant's non-compliance with meal and rest period laws

21   requiring the provision of compliant breaks includes being a result of staff shortage, failure to

22   provide coverage for breaks, and the failure to permit off-premise and off-duty breaks, and failure

23   to provide a meal period and/or rest period when the shift length requires the provision of these

24   breaks but when the scheduled shift did not require the provision of break(s).

25         38.    At times relevant since at least December 2, 2016, Defendants have failed to pay

26   rest premium wages to Non-Exempt Class Members, including Plaintiff, for non-compliant rest

27   breaks.

28   ///

                                        - 10 -

39.     At times relevant since at least December 2, 2016, when Defendants paid meal premiums to Non-Exempt Class Members, it did so at the incorrect rate of pay in that the meal premiums were paid at a sum less than the affected employee's regular rate of compensation which includes not only the employee's base rate but also commissions, commission bonuses, incentive pay, spiffs and other forms of qualifying compensation/benefits during that period. To the extent Defendants paid any rest premiums, the computation similar to that of meal premiums likewise would have been incorrect.

## COMMISSION AND COMMISSION BONUS PLAN

40.     At times relevant, Defendants' commission policy provides that certain Sales Class Members, including Plaintiff, are eligible for non-base pay such as commissions, spiffs, commission bonuses, and prizes.

41.     The commission policy sets forth, in part, that Defendants pay commission advances and bonus commission advances (before the payment of earned commissions) and that commissions are subject to chargebacks.

42.     These commission advances are to be calculated, according to policy, and paid to eligible persons on a calendar month basis according to Defendants' policy, rather than the more frequent time periods (at least twice a month) set forth by Labor Code §204. For separated employees, commissions, according to the policy, will be calculated and paid not more than 30 days after termination despite that the commissions can be calculated prior to the time of payment – a violation of Labor Code §§201-203.  Plaintiff, for example, was issued a commission payment from Defendants on March 22, 2018 despite Plaintiff's last day of work being on February 9, 2018.

43.     At times relevant, commissions are generally paid as a percentage of "net" sales, which is computed in part by deducting returns from sales and then multiplying the result by the percentage for the commissionable sales.

44.     At times relevant, pursuant to Defendants' policy, earned commission wages are not paid when earned and are subject to unlawful chargeback.  For example, a policy states that commissions will be earned and, therefore, no longer subject to adjustment as of the end of second calendar month following the calendar month in which the transaction originally occurred (a

1   maximum of 92 days or less).  Further, re-employed employees are subjected to longer chargeback

2   periods in that policy states that returns may be applied in a current month after re-employment

3   for transactions which occurred prior to the termination. Sherwood's customer return/exchange

4   policy permits returns/exchanges in a much shorter period of time than the chargeback policy.  For

5   example, the in-store return policy is ten (10) days, and the in-store exchange policy is thirty (30)

6   days.  The 30-day exchange policy states that the exchange has to be of equal or higher current

7   selling price of the original article.  Further, policy states that there are exchange restrictions –

8   final sales for example are not permitted to be exchanged.  Exchanges are subject to a $15

9   restocking fee. Online sales are subject to a 30-day return/exchange policy; these

10  returns/exchanges are subject to certain restrictions and a $15 restocking fee.

11       45.    At times relevant, despite Defendants' lean customer return/exchange policies,

12  Sales Class Members' chargeback period and scope is much broader than that permitted by

13  customer return/exchange policies due to Defendants' goodwill. For example, while the greatest

14  exchange period is 30 days with restrictions, Defendants' commission plan permits chargebacks

15  for a much greater period of time and with less restrictions – at times 92 days or even longer.  To

16  achieve "goodwill" of its customers, Defendants accept returns/exchanges beyond that stated in

17  customer policy (including time and scope of return/exchange) but requires Sales Class Members

18  to eat the cost of Defendants' goodwill.  In doing so, Defendants improperly shifts the company's

19  business losses to its commissioned employees through illegal chargebacks, commission forfeiture

20  and unlawful deduction of wages. Through this conduct, Defendants require commissioned

21  employees to give up a portion of their earned commissions/commission bonuses in order to

22  compensate Defendants for losses occasioned by its returns/exchange policy. In doing so, it is

23  making its commissioned employees insurers of Sherwood's business losses. Furthermore, the

24  chargeback plan does not account for the $15 restocking fee that the customer is subject to, which

25  once again requires commissioned employees to give up a portion of their earned commissions in

26  order to compensate Defendants for its business losses. To the extent other payments such as

27  rewards, spiffs, incentive plans are subject to similar chargebacks and timing of payment, this

28  conduct would too be unlawful with respect to these types of payments.

- 12 -

46.     Further, Defendants fail to provide Sales Class Members with appropriate backup documentation regarding the accounting and payments of commission/commission bonus, spiffs, awards, incentive compensation.

### OVERTIME RATE OF PAY

47.     On information and belief, at times relevant since at least December 2, 2016, Defendants have failed to pay proper overtime wages to Non-Exempt Class Members, including Plaintiff, as a result of not calculating the overtime rate of pay correctly through conduct including: failing to include all forms of qualified pay/benefits in the overtime rate of pay, not including commission/commission bonus chargebacks in the overtime rate of pay for commissions that were illegally charged backed/deducted, and not using as the divisor the correct number of hours.

### WAGE STATEMENTS

48.     At times relevant since at least December 2, 2016, Defendants issued itemized wage statements that failed to contain or failed to accurately report the following information required by California Labor Code §226(a):

(i) gross wages earned (including as a result of (i) the failure to pay and record on the paystub all gross wages earned such as reporting time pay, meal and rest premiums, correct overtime wages, commissions and bonus commission wages; (ii) not separating out commission/bonus commission earned wages from commission/bonus commission advance on wages; and (iii) not paying all paid sick time and paid vacation time due);

(ii) net wages earned (including as a result of (i) the failure to pay and record on the paystub all gross wages earned such as reporting time pay, meal and rest premiums, correct overtime wages, commissions and bonus commission wages; and (ii) not separating out commission/bonus commission earned wages from commission/bonus commission advance on wages; and (iii) not paying all paid sick time and paid vacation time due);

(iii) total hours worked by the employee (including as a result of the failure to set forth the total hours worked separate and apart from any reporting of hours on the paystub);

(iv) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate (including as a result of the failure to record

on the wage statement the applicable hourly rates in effect and the corresponding number of hours worked for all forms of affected pay such as adjustments to regular and overtime pay, and payment of additional pay premium); and

(v) the inclusive dates of the period for which the employee is paid (including as a result of the failure to properly record the inclusive dates of the pay period when pay is being made for work date(s)/commissions/adjustments outside of the stated pay period and the failure to properly identify the pay periods for the employee's final pay check(s)).

49.     Defendants' failures during the relevant time period to record and record properly information required on itemized wage statements were not isolated and unintentional payroll errors due to clerical or inadvertent mistakes.  Indeed, Defendants' policies, procedures and practices were to purposefully exclude from wage statement, the required, but omitted, information set forth in California Labor Code §226(a). These omissions occur routinely and were not isolated events.  Each of these omissions is evident on the face of the wage statements.  Further, each of these omissions is a failure to provide accurate and complete information as required by any one or more of items (1) to (9) inclusive of California Labor Code §226(a) and results in not being able to promptly and easily determine from the wage statement alone one or more of items required but that has been omitted. Defendants and management participated in generating payroll and were required to provide and maintain wage statements.  Defendants therefore know of the omissions and inaccuracies, and intend for the form and content of the wage statements to be inaccurate and incomplete.  Defendants and management furthermore do not have a system in place to provide corrections to pay period information when work being paid for fell outside of the inclusive dates of the pay period stated on wage statement.  Moreover, Defendants and its management directed the non-payment of wages due and thus wage statements did not accurately and completely display all gross and net wage earned. As a result, Defendants knew of the omissions and inaccuracies, and intended for the form and content of the wage statements to be inaccurate and incomplete.

///

///

///

**UNTIMELY WAGES**

50.     At times relevant since at least December 2, 2016, Defendants have not paid Plaintiff, Vacation Subclass Members, CA Paid Sick Time Class Members, Sales Class Members, and Non-Exempt Class Members whose employment has been separated, all wages on separation or within seventy-two hours after resignation without notice.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants willfully failed to timely pay wages to separated persons in accordance with the requirements of California's Labor Code, including §§201 and 202 as a result of Defendants' conduct including that alleged herein.  Such conduct includes Defendants' failure and refusal to pay all wages due and owing , including for overtime, paid vacation and sick time, meal and rest premiums, commissions/bonus commissions, and reporting time pay.

51.     At times relevant since at least December 2, 2016, Defendants have not paid Plaintiff, Vacation Subclass Members, CA Paid Sick Time Class Members, Sales Class Members, and Non-Exempt Class Members all wages due by the time set forth by California Labor Code §204. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants failed to timely pay wages in accordance with the requirements of Labor Code §204 as a result of Defendants' conduct including that alleged herein. Such conduct includes Defendants' failure and refusal to pay all wages due and owing, including for overtime, paid vacation and sick time, meal and rest premiums, commissions/bonus commissions, and reporting time pay.

52.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew and/or should have known that they had a duty to compensate Plaintiff and Class and Subclass Members for amounts due and owing, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so, and falsely represented to them that they were properly denied wages, all in order to increase Defendants' profits.

53.     Plaintiff is informed and believes, and thereon alleges that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.  Plaintiff is informed and believes,

1   and thereon alleges that Defendants were sued previously for some of the same claims alleged

2   herein (and settled those claims) but continues to be non-compliant with California wage and hour

3   laws.

4                         ***CLASS ACTION CLAIMS***

5                     **FIRST CAUSE OF ACTION**

6

7                **(For Failure to Pay Vacation Wages**
    **by Plaintiff and Vacation Class and Subclass Members Against Defendants)**

8       54.    Plaintiff incorporates by reference and realleges each and every allegation

9   contained above, as though fully set forth herein, except for paragraph 2.

10       55.    At all relevant times, California Labor Code §227.3 provides for the following:

11         Unless otherwise provided by a collective-bargaining agreement, whenever a
        contract of employment or employer policy provides for paid vacations, and an

12         employee is terminated without having taken off his vested vacation time, all
        vested vacation shall be paid to him as wages at his final rate in accordance with

13         such contract of employment or employer policy respecting eligibility or time
        served; provided, however, that an employment contract or employer policy shall

14         not provide for forfeiture of vested vacation time upon termination. The Labor
        Commissioner or a designated representative, in the resolution of any dispute

15         with regard to vested vacation time, shall apply the principles of equity and
        fairness.

16

17       56.    At all times relevant, including at times throughout the four year period preceding

18   the filing of this complaint, Plaintiff, and upon information and belief, Vacation Class Members

19   were subject to an employer policy and/or contract of employment that provided for paid vacations

20   not otherwise provided by a collective-bargaining agreement.

21       57.    As a result of Defendants' conduct, including that alleged herein, Defendants'

22   vacation policy contains an impermissible use-it-or-lose it policy and, furthermore, an unlawful

23   cap on vacation time permitted to be on the books.

24       58.    As a result of Defendants' conduct, including that alleged herein, Defendants'

25   vacation policy contains impermissible, unreasonable restrictions on the use of paid vacation time.

26   These restrictions consequently also denied Plaintiff and Vacation Class Members the right to

27   accrue vested vacation time.

28   ///

59.     As a result of Defendants' conduct, including that alleged herein, Defendants did not pay accrued, vested vacation at the correct rate of pay to Plaintiff and Vacation Class Members.

60.     As a result of Defendants' conduct, including that alleged herein, Defendants did not pay all accrued, vested vacation at the correct final rate of pay to Plaintiff and Vacation Subclass Members upon their separation of employment.

61.     As a result of Defendants' conduct, Defendants have violated California Labor Code §227.3.

62.     Plaintiff seeks, on her behalf and on behalf of the Vacation Class and Subclass, all damages and remedies available under California Labor Code §227.3, including payment of all vacation wages due and the accrual of vested vacation, interest, attorney's fees and costs.

## SECOND CAUSE OF ACTION

**(For Failure to Comply with Cal. Labor Code §§245 et seq.
by Plaintiff and CA Paid Sick Time Class Against All Defendants)**

63.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraph 2.

64.     California Labor Code §§245 et seq. requires that Defendants provide paid sick time to Plaintiff and CA Paid Sick Time Class Members pursuant to the requirements of California's Healthy Workplaces, Healthy Families Act of 2014,  including at the amount, terms, and rate of compensation set forth in said law.

65.     At times relevant, Defendants have failed compute the amount due for paid sick time in conformance with the pay calculation under California Labor Code §246(l).  Rather than calculating the amount of paid sick time due when sick time is used according to the requirements set forth in California §246(l), Defendants paid sick leave to Plaintiff and CA Paid Sick Leave Class Members at a lower rate, in violation of the law.

66.     Moreover, the maximum sick time permitted to be used in a day is capped rather than permitting employees to determine how much sick time they want to use in violation of California Labor Code §246(k), thereby denying, at times, paid sick time wages.

///

- 17 -

67.     Defendants furthermore impose restrictions on the use of paid sick time that violate California Labor Code §§245 et seq. including but not limited to restricting the time of the year when paid sick leave may be used, thereby denying mandated paid sick time to Plaintiff and CA Paid Sick Time Class Members in violation of §247.

68.     In violation of §247, Defendants deny Plaintiff and CA Paid Sick Time Class Members the right to use accrued sick days, discharges, threatens to discharge, demote, suspend and/or discriminates against employees for using accrued sick days, attempting to exercise the right to use accrued sick days, or engaging in other activity protected by Section 247. Indeed, Defendants forced Plaintiff to terminate her employment as a result of her request to use paid sick time during a time period Defendants has designated as a no-use period.

69.     Written notice of available paid sick time further has not appropriately recorded as required by Section 246(i) at all times relevant.

70.     As a result of Defendants' conduct, Defendants have violated California Labor Code §§245 et seq.

71.     Plaintiff seeks, on her behalf and on behalf of the CA Paid Sick Time Class, all remedies available under California Labor Code §§245 et seq, including restitutionary, equitable and injunctive relief, attorney's fees and costs, and interest.

### THIRD CAUSE OF ACTION

**(For Failure to Authorize and Permit Rest Periods and Pay Rest Premiums by Plaintiff and Non-Exempt Class Members Against all Defendants)**

72.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraph 2.

73.     Pursuant to the IWC Wage Orders applicable to Plaintiff and Non-Exempt Class Members' employment by Defendants:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof … Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

74.     California Labor Code §226.7(b) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC. Furthermore, non-exempt employees must be permitted to leave the work premises during rest periods.

75.     California Labor Code §226.7(d) requires that a rest period mandated pursuant to state law, including but not limited to by statute and/or an applicable order of the IWC shall be counted as hours worked, for which there shall be no deduction from wages.

76.     California Labor Code §226.7(c) provides that employers who do not provide an employee a rest period in accordance with state law shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

77.     Defendants were required to authorize and permit Plaintiff and Non-Exempt Class Members who worked in excess of three and one-half hours to take paid rest periods, based upon the total hours worked at a rate of ten minutes net rest per four hours or major fraction thereof, with no deduction from wages.

78.     At all times relevant, including at times since December 2, 2016, Defendants failed to authorize and permit Plaintiff and Class Members to take paid rest breaks for every four hours worked or major fraction thereof.

79.     Rest periods, at times, were not authorized and permitted, in that they had illegal restrictions placed on them including that breaks could not be taken off-premises and/or had to be on-duty. Moreover, the rest break policy did not comply with California law by permitting rest breaks every "major fraction" of every four (4) hour work period.

80.     The reasons for Defendant's non-compliance with meal and rest period laws requiring the provision of compliant breaks includes being a result of staff shortage, failure to provide coverage for breaks, and the failure to permit off-premise and off-duty breaks, and failure to provide a meal period and/or rest period when the shift length requires the provision of these breaks but when the scheduled shift did not require the provision of break(s).

///

81.     At times relevant since at least December 2, 2016, Defendants have failed to pay rest premium wages to Non-Exempt Class Members, including Plaintiff, for non-compliant rest breaks.  To the extent Defendants paid any rest premiums, these premiums were not calculated properly and not paid at the employee's regular rate of compensation.

82.     Plaintiff seeks, on her behalf and on behalf of the Non-Exempt Class Members, all damages and remedies available under California law including but not limited to one hour of premium pay at the regular rate of compensation for each day in which a paid rest period was not authorized and permitted, as well as interest, costs, and attorneys' fees to the fullest extent permitted.

## FOURTH CAUSE OF ACTION

**(For Failure to Provide Meal Periods and Meal Premiums
by Plaintiff and Non-Exempt Class Members Against All Defendants)**

83.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraph 2.

84.     Pursuant to California Labor Code §512, an employer shall not employ an employee for a work period of more than five hours without providing a meal break of not less than thirty minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes, except that if the total hours worked is no more than twelve hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

85.     California Labor Code §226.7(b) prohibits an employer from requiring any employee to work during any meal period mandated by an applicable statute, or applicable regulation, standard, or order of the IWC.

86.     California Labor Code §226.7(c) provides that employers who do not provide an employee a meal period in accordance with state law including but not limited to an applicable statute or applicable regulation, standard, or order of the IWC, shall pay the employee one

additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

87.    Pursuant to the IWC Wage Order applicable to Plaintiff and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employee must consent in writing to the "on duty" meal period.  Plaintiff and Class Members did not consent in writing to proper "on duty" meal periods. Further, the nature of the work of Plaintiff and Class Members was not such that they are prevented from being relieved of all duties.

88.    Despite said requirements of the IWC Wage Order applicable to Plaintiff and Non-Exempt Class Members' employment by Defendants and California Labor Code §§512 and 226.7, Plaintiff and Non-Exempt Class Members were not provided with meal periods in compliance with the law and were not relieved of all duties during any meal periods they did take.

89.    Meal periods, at times, had illegal restrictions placed on them including that breaks could not be taken off-premises and/or had to be on-duty. Moreover, policy did not provide for second meal periods when the work period was greater than ten (10) hours.

90.    The reasons for Defendant's non-compliance with meal and rest period laws requiring the provision of compliant breaks includes being a result of staff shortage, failure to provide coverage for breaks, and the failure to permit off-premise and off-duty breaks, and failure to provide a meal period and/or rest period when the shift length requires the provision of these breaks but when the scheduled shift did not require the provision of break(s).

91.    At times relevant since at least December 2, 2016, when Defendants paid meal premiums to Non-Exempt Class Members, it did so at the incorrect rate of pay in that the meal premiums were paid at a sum less than the affected employee's regular rate of compensation which includes not only the employee's base rate but also commissions, commission bonuses, incentive pay, spiffs and other forms of qualifying compensation/benefits during that period.

92.    Plaintiff seeks, on her behalf and on behalf of the Non-Exempt Class Members, all damages and remedies available under California law including but not limited to one hour of

1   premium pay at the regular rate of compensation for each day in which a meal period was not

2   provided, as well as interest, costs, and attorneys' fees to the fullest extent permitted.

3

4                                   **FIFTH CAUSE OF ACTION**

5   **(For Unlawful Deduction of Wages and Illegal Repayment of Wages
    by Plaintiff and Sales Class Members Against Defendants)**

6       93.    Plaintiff incorporates by reference and realleges each and every allegation

7   contained above, as though fully set forth herein, except for paragraph 2.

8       94.    Pursuant to California Labor Code §2221, it shall be unlawful for any employer to

9   collect or receive from an employee any part of wages theretofore paid by said employer to said

10  employee.

11      95.    California Labor Code §224 permits any portion of wages be withheld or diverted

12  from an employee's pay only when required or empowered to do so by state or federal law or when

13  a deduction is expressly authorized in writing by the employee when such deduction does not

14  amount to a rebate or deduction from the standard wage pursuant to wage agreement or statute.

15      96.    At times relevant, Defendants had Sales Class Members including Plaintiff sign

16  commission agreements.  Contained in these agreements are Defendants' commission policy.  In

17  part, Defendants' policy stated that it pays commission advances and bonus commission advances

18  (before the payment of earned commissions) and that commissions are subject to chargebacks.

19  These commission advances are to be calculated and paid to eligible sales associates on a calendar

20  month basis, rather than the more frequent time periods (at least twice a month) set forth by Labor

21  Code §204.

22      97.    Pursuant to Defendants' policy, earned commission wages are not paid when

23  earned and are subject to unlawful chargeback.  For example, a policy states that commissions will

24  be earned and, therefore, no longer subject to adjustment as of the end of second calendar month

25  following the calendar month in which the transaction originally occurred (a maximum of 92 days

26  or less).  Further, re-employed employees are subjected to longer chargeback periods in that policy

27  states that returns may be applied in a current month after re-employment for transactions which

28  occurred prior to the termination. Defendant's customer return/exchange policy permits

returns/exchanges in a much shorter period of time than the chargeback policy.  For example, the in-store return policy is ten (10) days, and the in-store exchange policy is thirty (30) days.  The 30-day exchange policy states that the exchange has to be of equal or higher current selling price of the original article.  Further, policy states that there are exchange restrictions – final sales for example are not permitted to be exchanged.  Exchanges are subject to a $15 restocking fee. Online sales are subject to a 30-day return/exchange policy; these returns/exchanges are subject to certain restrictions and a $15 restocking fee.

98.     At times relevant, despite Defendants' lean customer return/exchange policies, Sales Class Members' chargeback period and scope is much broader than that permitted by customer return/exchange policies due to Defendants' goodwill. For example, while the greatest exchange period is 30 days with restrictions, Defendants' commission plan permits chargebacks for a much greater period of time and with less restrictions – at times 92 days or even longer.  To achieve "goodwill" of its customers, Defendants accept returns/exchanges beyond that stated in customer policy (including time and scope of return/exchange) but requires Sales Class Members to eat the cost of Defendants' goodwill.  In doing so, Defendants improperly shifts the company's business losses to its commissioned employees through illegal chargebacks, commission forfeiture and unlawful deduction of wages. Through this conduct, Defendants require commissioned employees to give up a portion of their earned commissions/commission bonuses in order to compensate Defendants for losses occasioned by its returns/exchange policy. In doing so, it is making its commissioned employees insurers of Sherwood's business losses. Furthermore, the chargeback plan does not account for the $15 restocking fee that the customer is subject to, which once again requires commissioned employees to give up a portion of their earned commissions in order to compensate Defendants for its business losses. To the extent other payments such as rewards, spiffs, incentive plans are subject to similar chargebacks and timing of payment, this conduct would too be unlawful with respect to these types of payments.

99.     Through Defendants' conduct, including that alleged herein, Plaintiff and Sales Class Members have been unlawfully subjected to deduction of wages, in violation of Labor Code §224, when Defendants deduct returns from employees' commission wages (chargebacks).  Such

wage deductions are not authorized in writing by employees, nor are they required or empowered by state or federal law.

100.    Through Defendants' conduct, including that alleged herein, Plaintiff and Sales Class Members have been required to repay earned and paid commission wages, in violation of Labor Code §221,  as a result of Defendants' charge back policy.

101.    Plaintiff seeks, on her behalf and on behalf of the Sales Class Members, all damages and remedies available under California law including but not limited the lost commission wages as well as interest, costs, and attorneys' fees to the fullest extent permitted.

## SIXTH CAUSE OF ACTION

### (For Failure to Pay Regular Wages by Plaintiff and Sales Class Members, Vacation Class Members, CA Paid Sick Time Class Members, Non-Exempt Class Members Against Defendants)

102.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraph 2.

103.    At all relevant times, unpaid wages owing to Plaintiff and Class Members may be recovered through a civil action pursuant to California Labor Code §§218, 218.5, 218.6.

104.    At all times relevant, including at times throughout the four year period preceding the filing of this complaint, Defendants owed certain wages to Plaintiff, and members of the Sales Class, Vacation Class, CA Paid Sick Time Class, and Non-Exempt Class.  These (non-minimum) wages have, during relevant times, been left unpaid by Defendants permitting recovery pursuant to California Labor Code §§218, 218.5, 218.6.

105.    At all times relevant, including at times throughout the four year period preceding the filing of this complaint, Defendants owed commission and bonus commission wages to Plaintiff and Sales Class Members.  These wages remain unpaid by Defendants as a result of its conduct including that alleged herein – that Defendants subjected commissions to unlawful chargebacks.

///

///

106.    At all times relevant, including at times throughout the four year period preceding the filing of this complaint, Defendants owed Plaintiff and Vacation Class Members vacation wages by contact.  These vacation wages remain unpaid by Defendants as a result of its conduct including that alleged herein – that Defendants had an illegal use-it-or-lose it policy which thereby unlawfully divested employees of vested vacation wages, had an unlawful cap on the amount of vacation that could accrue on the books which thereby unlawfully divested employees of vested vacation wages, and paid vested vacation wages at an incorrect rate of pay.

107.    At all times relevant, including at times throughout the four year period preceding the filing of this complaint, Defendants owed Plaintiff and CA Paid Sick Time Class Members, paid sick time wages.  These sick time wages remain unpaid by Defendants as a result of its conduct including that alleged herein – that Defendants unlawfully paid sick time at an incorrect rate of pay, and Defendants unlawfully restricted the amount of paid sick time that could be used and the time period which it may be used in.

108.    At all times relevant, including at times throughout the four year period preceding the filing of this complaint, Defendants owed Plaintiff and Non-Exempt reporting time wages. These reporting time wages remain unpaid by Defendants as a result of its conduct including that alleged herein – that Defendants unlawfully failed to pay reporting time wages as a result of its failure to pay when an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work.  Said "reporting" includes but is not limited to on-call scheduling, physically reporting to the worksite, and reporting through non-physical methods such as call-in/texting/email.

109.    As a result of Defendants' pay practices relating to non-minimum wages,  Plaintiff and Class Members, on information and belief, have not been paid all (non-minimum) wages due to them.

110.    Plaintiff seeks, on her behalf and on behalf of the Sales Class Members, Vacation Class Members, CA Paid Sick Time Class Members, Non-Exempt Class Members, all damages and remedies available under California Labor Code §§218, 218.5, 218.6, including payment of the unpaid wages, interest, and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

**(For Failure to Pay Proper Overtime Wages by Plaintiff and Non-Exempt Members Against All Defendants)**

111.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraph 2.

112.    Labor Code §510 provides that non-exempt employees shall be paid overtime compensation for all overtime hours.  Plaintiff nor any other Non-Exempt Class Member was exempt from receiving overtime wages.

113.    As alleged herein, during the relevant period of time since at least December 2, 2015, Defendants have failed to calculate the overtime rate of pay correctly through conduct including: failing to include all forms of qualified pay/benefits in the overtime rate of pay, not including commission/commission bonus chargebacks in the overtime rate of pay for commissions that were illegally charged backed/deducted, and not using as the divisor the correct number of hours.

114.    As a result of Defendants' pay practices relating to overtime wages,  Plaintiff and Non-Exempt Class Members, on information and belief, have not been paid all wages due to them.

115.    Plaintiff seeks, on her behalf and on behalf of the Non-Exempt Class Members, all damages and remedies available including under California Labor Code §§510, 558.1, 1194, 1194.2, including payment of the unpaid wages, interest, and attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

**(For Failure to Issue and Maintain Accurate and Complaint Wage Statements by Plaintiff and Non-Exempt Members, Sales Class Members, CA Paid Sick Time Class Members, Vacation Class Members Against All Defendants)**

116.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraph 2.

117.    California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages:

CLASS ACTION COMPLAINT

Every employer shall … at the time of each payment of wages, furnish each of his or her employees … an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee … (3) the number of piece-rate units earned and any applicable piece-rate if the employee is paid on a piece-rate basis … (5) net wages earned … (6) the inclusive dates of the period for which the employee is paid and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

118.    California Labor Code §226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand

dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees.

119.    California Labor Code §226(e)(2)(B) provides:

An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:  (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).  (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period.  Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).  (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.  (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number.

120.    At times relevant since at least December 2, 2016, Defendants knowingly and intentionally failed, and continue to fail to furnish Plaintiff, Sales Class Members, Non-Exempt Class Members, CA Paid Class Members, and Vacation Class Members with complete and accurate wage statements upon each payment of wages in violation of California Labor Code §226(a).  Plaintiff and Class Members were issued itemized wage statements that failed to contain or failed to accurately report the following information required by California Labor Code §226(a):

(i) gross wages earned (including as a result of (a) the failure to pay and record on the paystub all gross wages earned such as reporting time pay, meal and rest premiums, correct

overtime wages, commissions and bonus commission wages; (b) not separating out commission/bonus commission earned wages from commission/bonus commission advance on wages; and (c) not paying all paid sick time and paid vacation time due);

(ii) net wages earned (including as a result of (a) the failure to pay and record on the paystub all gross wages earned such as reporting time pay, meal and rest premiums, correct overtime wages, commissions and bonus commission wages; and (b) not separating out commission/bonus commission earned wages from commission/bonus commission advance on wages; and (c) not paying all paid sick time and paid vacation time due);

(iii) total hours worked by the employee (including as a result of the failure to set forth the total hours worked separate and apart from any reporting of hours on the paystub);

(iv) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate (including as a result of the failure to record on the wage statement the applicable hourly rates in effect and the corresponding number of hours worked for all forms of affected pay such as adjustments to regular and overtime pay, and payment of additional pay premium); and

(v) the inclusive dates of the period for which the employee is paid (including as a result of the failure to properly record the inclusive dates of the pay period when pay is being made for work date(s)/commissions/adjustments outside of the stated pay period and the failure to properly identify the pay periods for the employee's final pay check(s)).

121.    Defendants' failures during the relevant time period to record and record properly information required on itemized wage statements were not isolated and unintentional payroll errors due to clerical or inadvertent mistakes.  Indeed, Defendants' policies, procedures and practices were to purposefully exclude from wage statement, the required, but omitted, information set forth in California Labor Code §226(a). These omissions occur routinely and were not isolated events.  Each of these omissions is evident on the face of the wage statements.  Further, each of these omissions is a failure to provide accurate and complete information as required by any one or more of items (1) to (9) inclusive of California Labor Code §226(a) and results in not being able to promptly and easily determine from the wage statement alone one or more of items required but

1   that has been omitted. Defendants and management participated in generating payroll and were

2   required to provide and maintain wage statements.  Defendants therefore know of the omissions

3   and inaccuracies, and intend for the form and content of the wage statements to be inaccurate and

4   incomplete.  Defendants and management furthermore do not have a system in place to provide

5   corrections to pay period information when work and/or pay such as commissions being paid for

6   fell outside of the inclusive dates of the pay period stated on wage statement.  Moreover,

7   Defendants and its management directed the non-payment of wages due and thus wage statements

8   did not accurately and completely display all gross and net wage earned. As a result, Defendants

9   knew of the omissions and inaccuracies, and intended for the form and content of the wage

10   statements to be inaccurate and incomplete.

11   122.   Plaintiff, Sales Class Members, Non-Exempt Class Members, CA Paid Class

12   Members, and Vacation Class Members were injured by these failures because, among other

13   things, these failures led them to not know if they were being paid for all wages due, they were

14   required to perform mathematical computations to analyze whether wages paid, in fact,

15   compensated for all hours, and they were not able to determine from the wage statements alone

16   one or more of the items required to be provided.  Defendants' failure to comply with California

17   Labor Code §226(a) also hindered them from determining the amounts of wages actually owed to

18   them, hours worked and wages that were earned or just advanced.

19   123.   Defendants will no doubt continue these illegal practices until such time as it is

20   forced to pay penalties in compliance with California Labor Code §226(e).

21   124.   Plaintiff, Sales Class Members, Non-Exempt Class Members, CA Paid Class

22   Members, and Vacation Class Members, are entitled to recover statutory penalties, interest,

23   injunctive relief, and attorneys' fees and costs pursuant to California Labor Code §§226(e) and (h),

24   558.1.

25   ///

26   ///

27   ///

28   ///

## NINTH CAUSE OF ACTION

**(For Failure to Pay Wages Due on Termination
by Plaintiff, Non-Exempt Class Members, Vacation Subclass Members, CA Paid Sick
Leave Class Members, and Sales Class Members Against All Defendants)**

125.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein, except for paragraph 2.

126.     California Labor Code §§201 and 202 require an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours' previous notice of his or her intention to quit in which case the employee is entitled to his or her wages on their last day of work.  California Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by California Labor Code §§201 and 202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty work days.

127.     At times relevant since at least December 2, 2016, as a result of Defendants' conduct including that alleged herein, Defendants willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff, Sales Class Members, Vacation Subclass Members, CA Paid Sick Leave Members, and Non-Exempt Class Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendants' employ. Such conduct includes Defendants' failure and refusal to pay all wages due and owing, including for overtime, paid vacation and sick time, meal and rest premiums, commissions/bonus commissions, and reporting time pay, as alleged herein.

128.     Defendants' willful failure to pay their wages earned and unpaid at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendants' employ, violates California Labor Code §§201 and 202.

129.     The exact amount of the wages accrued and unpaid at the time of discharge is unknown at this time but information for the calculation may be ascertained from Defendants' records.   Based on information and belief gained from Plaintiff's records, unpaid wages include

1  overtime, paid vacation and sick time, meal and rest premiums, commissions/bonus commissions,

2  and reporting time pay, as alleged herein.

3        130.    As a result, Defendants are liable for waiting time penalties pursuant to California

4  Labor Code §§203, 558.1, in an amount according to proof at the time of trial.

5  **TENTH CAUSE OF ACTION**

6  **(For Unfair Competition by Plaintiff all Class Members and Subclass Members Against All

7  Defendants)**

8        131.    Plaintiff incorporates by reference and realleges each and every allegation

9  contained above, as though fully set forth herein, except for paragraph 2.

10        132.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

11  unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

12  general public.  Plaintiff seeks to enforce important rights affecting the public interest within the

13  meaning of California Code of Civil Procedure §1021.5.

14        133.    Defendants' policies, activities, and actions as alleged herein are violations of

15  California law and constitute unlawful business acts and practices in violation of California

16  Business and Professions Code §§17200, *et seq*.

17        134.    A violation of California Business and Professions Code §§17200, *et seq*. may be

18  predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and

19  practices of failing to pay Plaintiff and Class and Subclass Members wages for overtime, vacation

20  and paid sick time, meal and rest premiums, and commission wages,  among the other statutory

21  violations alleged herein, over the past four years violates the California Labor Code, including

22  California Labor Code §§201-204, 221, 224, 226(a), 226.7, 227.3, 510, 512(a), 1194, and 1198.

23        135.    Plaintiff and Class and Subclass Members have been personally aggrieved by

24  Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money

25  and/or property.

26        136.    Pursuant to California Business and Professions Code §17200, *et seq*., Plaintiff and

27  Class and Subclass Members are entitled to restitution of the wages withheld and benefits

28  wrongfully retained by Defendants during a period that commences four years prior to the filing

1    of this complaint; an award of attorneys' fees pursuant to California Code of Civil Procedure
2    §1021.5, and an award of costs.

3                                    **PRAYER FOR RELIEF**

4            WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

5                                    Class Certification

6    1.       That this action be certified as a class action;

7    2.       That Plaintiff be appointed as the representative of the Classes;

8    3.       That Plaintiff be appointed as the representative of the Subclasses; and

9    4.       That counsel for Plaintiff be appointed as counsel for the Classes and Subclasses.

10                               On the First Cause of Action

11   1.       For all vacation wages;

12   2.       For reasonable attorneys' fees and costs;

13   3.       For such other and further relief as the Court deems proper.

14                               On the Second Cause of Action

15   4.       For all equitable, restitutionary, and injunctive relief available;

16   5.       For reasonable attorneys' fees and costs;

17   6.       For such other and further relief as the Court deems proper.

18                               On the Third Cause of Action

19   1.       For one hour of premium pay for each day in which a required rest period was not
20   provided;

21   2.       For pre-judgment interest on any unpaid rest period compensation due from the day
22   that such amounts were due;

23   3.       For payment of waiting time penalties according to proof;

24   4.       For reasonable attorneys' fees and costs;

25   5.       For such other and further relief as the Court deems proper.

26   ///

27   ///

28   ///

CLASS ACTION COMPLAINT

<u>On the Fourth Cause of Action</u>

1.     For one hour of premium pay at the regular rate of compensation for each day in which a required meal period was not provided;

2.     For pre-judgment interest on any unpaid rest period compensation due from the day that such amounts were due;

3.     For payment of waiting time penalties according to proof;

4.     For reasonable attorneys' fees and costs;

5.     For such other and further relief as the Court deems proper.

<u>On the Fifth Cause of Action</u>

1.     For all unpaid wages;

2.     For reasonable attorneys' fees and costs;

3.     For interest;

4.     For such other and further relief as the Court deems proper.

<u>On the Sixth Cause of Action</u>

5.     For all unpaid regular wages;

6.     For reasonable attorneys' fees and costs;

7.     For interest;

8.     For such other and further relief as the Court deems proper.

<u>On the Seventh Cause of Action</u>

9.     For all unpaid overtime wages;

10.    For reasonable attorneys' fees and costs;

11.    For interest and liquidated damages;

12.    For such other and further relief as the Court deems proper.

///

///

///

///

///

- 33 -

<u>On the Eighth Cause of Action</u>

1.      For statutory damages pursuant to California Labor Code §226(e);

2.      For reasonable attorneys' fees and costs pursuant to California Labor Code §226(e) and (h);

3.      For injunctive relief pursuant to California Labor Code §226(h);

4.      For such other and further relief as the Court deems proper.

<u>On the Ninth Cause of Action</u>

1.      For statutory penalties pursuant to California Labor Code §203

2.      For reasonable attorneys' fees and costs;

3.      For such other and further relief as the Court deems proper.

<u>On the Tenth Cause of Action</u>

1.      That Defendants pay restitution and/or disgorgement of sums to Plaintiff and Class Members for their past failure to pay wages during the statutory period in an amount according to proof;

2.      That Defendants pay restitution and/or disgorgement for their wrongful retention of wages beyond the timeframes set forth in California Labor Code §204.

3.      For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

4.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover under California Code of Civil Procedure §1021.5;

5.      For costs of suit incurred herein;

6.      For such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this matter on all matters permitted by jury trial.

Dated: February 8, 2019                    RICHARD LAW, P.C.

By: _Diane Richard_
DIANE E. RICHARD (SBN: 204897)
Attorneys for Plaintiff

- 34 -