1  RICHARD LAW, P.C.
   DIANE E. RICHARD (SBN 204897)
2  5060 N. Harbor Drive, Suite 265
   San Diego, CA 92106
3  Telephone: (619) 880-5517 x101
   Facsimile: (619) 880-5459
4  diane@richardlawpc.com

5  Attorneys for Plaintiff Laverna
   Shannon
6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10 | LAVERNA SHANNON,                        | CASE NO. 3:19-cv-01101-BAS-JLB |
   | Individually, and on Behalf of Other    |                                |
11 | Employees Similarly Situated and in     | **CLASS ACTION**               |
   | a Representative Capacity,              |                                |
12 |                                         | **REPRESENTATIVE ACTION**      |
13 |              Plaintiff,                 |                                |
   |                                         | **MEMORANDUM OF POINTS AND**   |
14 |       v.                                | **AUTHORITIES IN SUPPORT OF**  |
   |                                         | **PLAINTIFF'S MOTION FOR FINAL** |
15 | SHERWOOD MANAGEMENT                     | **APPROVAL OF CLASS ACTION**   |
   | CO., INC.                               | **SETTLEMENT**                 |
16 | and DOES 1-10, Inclusive,               |                                |
   |                                         | **NO ORAL ARGUMENT UNLESS**    |
17 |              Defendants.                | **REQUESTED BY THE COURT**     |
18 |                                         |                                |
   |                                         | Hearing Date:   September 21, 2020 |
19 |                                         | Hearing Time:   10:30 a.m.     |
20 |                                         | District Judge: Hon. Cynthia A. Bashant |
   |                                         | Courtroom:      4B             |
21 |                                         |                                |
   |                                         | Action Filed:    February 8, 2019 |
22 |                                         | Action Removed:  June 12, 2019 |

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

**PAGE**

3
I.    INTRODUCTION ...............................................................................1

4
II.   LITIGATION AND SETTLEMENT HISTORY ............................................2

5
      A.    This Action Settled After Litigation and Investigation...........................2

6
      B.    The Court Granted Preliminary Approval of the Settlement ....................3

7
      C.    The Notice Packets Have Been Distributed ........................................3

8
      D.    Class Participation in the Settlement ...............................................4

9
III.  FINAL APPROVAL IS APPROPRIATE ................................................4

10
      A.    The Three-Step Class Action Settlement Approval Process.....................4

11
      B.    The Settlement Is Fair, Reasonable, and Adequate ..............................5

12
            1.    The Settlement Terms Disclose No Grounds to Doubt Its
13
                  Fairness ..........................................................................6

14
            2.    The Parties Engaged in Investigation of the Claims Which
                  Favors Final Approval ........................................................6

15
            3.    Liability Is Vigorously Contested, and the Settlement Provides
16
                  Reasonable Compensation for the Alleged Injuries .......................6

17
            4.    The Complexity, Expense, and Likely Duration of Continued
                  Litigation in the Absence of Settlement Favors Final Approval .....6

18
            5.    The Experience and Views of Class Counsel Favor Final
19
                  Approval ........................................................................7

20
            6.    The Positive Reaction to the Settlement Favors Final Approval.....7

            7.    This Court Should Approve the PAGA Payment ...........................7
21

22
IV.   CLASS COUNSEL'S REQUEST FOR ATTORNEY'S FEES AND COSTS
      IS FAIR AND REASONABLE ..........................................................8

23
V.    THE REQUESTED CLASS REPRESENTATIVE SERVICE PAYMENT
24
      IS FAIR AND REASONABLE AND SHOULD BE APPROVED ...................8

25
VI.   CONCLUSION ............................................................................10

26

27

28

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **Page(s)**

*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992)..................................................................................4

*Galeener, et al. v. Source Refrigeration & HVAC, Inc.*,
    No. 3:13-cv-04960-VC, 2015 WL 12977077 (N.D. Cal. Aug. 21,
    2015) .......................................................................................................................8

*Glass v. UBS Fin. Servs., Inc.*,
    No. C-06-4068 MMC, 2007 WL 221862 (N.D. Cal. Jan. 26, 2007) ......................9

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998)..................................................................................5

*Hopson v. Hanesbrands Inc.*,
    No. CV-08-0844 EDL, 2009 WL 928133 (N.D. Cal. Apr. 3, 2009) ....................10

*Nordstrom Comm'n Cases*, 186 Cal. App. 4th 576, 589 (2010)..........................................7

*Singer v. Becton Dickinson & Co.*,
    No. 08-CV-821-IEG (BLM), 2010 WL 2196104 (S.D. Cal. June 1,
    2010) ....................................................................................................................7, 9

*Vedachalam v. Tata Consultancy Servs., Ltd.*,
    No. C 06-0963 CW, 2013 WL 3941319 (N.D. Cal. July 18, 2013)........................8

**STATUTES, RULES & OTHER AUTHORITIES**

Private Attorneys General Act...........................................................................................1, 7

Fed. R. Civ. P.
    Rule 23(e)................................................................................................................4

William B. Rubenstain, et al., 4 Newberg on Class Actions (5th ed. 2013)
    §13:10......................................................................................................................5
    §13:44......................................................................................................................4

*Manual for Complex Litigation* (Fourth) (2006)
    §21.73......................................................................................................................4

# I.   INTRODUCTION

On May 12, 2020, this Court granted preliminary approval of the Settlement[1] and approved the Notice Packet to be mailed to Class Members by CPT Group, Inc. ("CPT"), which has been completed. *See* Order Granting Plaintiff's Motion for Preliminary Approval of Class Action (Dkt. No. 18) ("Preliminary Approval Order"). The response deadline has passed. Plaintiff Laverna Shannon ("Plaintiff") now seek final approval of the Settlement. The Settlement has been extremely well received. The Class Member participation rate is 99.85%. Of the 2,030 Class members, only three (3) Class Members have timely excluded themselves from the Settlement. No objection to the Settlement has been received.

The Settlement provides a good resolution for Class Members in light of the highly disputed claims and challenges in pursuing further litigation. Should final approval of the Settlement be granted, 2,027 Class Members will receive a share of the Settlement, which provides a $450,000 non-reversionary fund.[2] Under the Settlement, the average payment to each Settlement Member is estimated at $129.1.7, with the highest payment estimated at $404.12. *See* Garrido Decl., ¶16.[3] The California Labor and Workforce Development Agency ("LWDA") will also benefit through a $22,500 payment for its share of Private Attorneys General Act ("PAGA") penalties that will be used for labor law enforcement and education in California.  Thus, the benefits provided by the Settlement and as a result of the Action are substantial.  The Settlement is fair, reasonable, and adequate and satisfies

---

[1] Unless otherwise noted, all capitalized terms shall have the same definition as set forth in the Joint Stipulation Of Class Action Settlement and Release ("Settlement" or "Settlement Agreement") (Dkt. No. 13-3).  A true and correct copy of the Settlement Agreement is attached as Exhibit 1 to the Declaration of Diane E. Richard in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, filed November 6, 2019 (Dkt. No. 13-2).

[2] Employer payroll taxes will be paid by Defendant separate and apart from the $450,000 Settlement Amount. Settlement Agreement., ¶8.

[3] "Garrido Decl." refers to the Declaration of Alan Garrido on Behalf of CPT Group, Inc. with Respect to Settlement Administration, filed contemporaneously herewith.

MPA'S ISO P'S MTN. FOR FINAL APPROVAL          (19-cv-01101)

1  all of the criteria for final approval. Accordingly, Plaintiff respectfully requests that the

2  Court grant final approval of the Settlement and enter the contemporaneously submitted

3  order and judgment.

4  **II.    LITIGATION AND SETTLEMENT HISTORY**

5     **A.    This Action Settled After Litigation and Investigation**

6           A summary of the litigation and settlement history and the work performed on behalf

7  of the Class is set forth in the contemporaneously filed Declaration of Diane E. Richard in

8  Support of Motion for Final Approval of Class Action Settlement ("Richard Decl.").[4]  After

9  investigation, the Action settled on a class basis conditioned upon Court approval.  Under

10 the Settlement, Defendant will fund $450,000 a non-reversionary Settlement Amount to

11 settle the claims of Settlement Members. Settlement Agreement, ¶8. Defendant will pay

12 employer-side payroll taxes in addition to the Settlement Amount. *Id.* Under the Settlement

13 Agreement, Plaintiff requests the Court approve the following payments from the

14 Settlement Amount prior to distributions to Settlement Members: (i) a PAGA payment of

15 $22,500 to be paid to the LWDA for its 75% share of the total $30,000 PAGA allocation;

16 (ii) Settlement Administration costs in the amount of $20,000;[5] (iii) a $2,500 Class

17 Representative Service Payment to Plaintiff in recognition of her services and her broad

18 general release of claims; (iv) Class Counsel's attorney's fees in the amount of $135,000;

19 and (v) costs in the amount of $8,170.31.[6]  *Id.*

20 ///

21 ///

22 ///

23

---

24 [4] *See* Richard Decl., ¶¶7-15; *see also* Plaintiff's Motion for Preliminary Approval of Class
   Action Settlement (Dkt. No. 13) and Motion for Attorney's Fees and Costs (Dkt. No. 20),
25 which detail the history of the Action and the efforts undertaken by Class Representative
   and Class Counsel on behalf of the Class.

26 [5] *See* Garrido Decl., ¶17.

27 [6] Class Counsel is entitled to seek up to $20,000 in costs.  *See* Settlement Agreement, ¶8.
28 Actual costs sought are $8,170.31.

MPA'S ISO P'S MTN. FOR FINAL APPROVAL                    (19-cv-01101)

For calculation purposes, after deducting the amounts permitted by the Settlement Agreement for items (i) – (v), the amount remaining to be distributed to Settlement Members (the "Class Recovery"), in the form of Individual Settlement Member Total Recovery, is $261,829.69. Garrido Decl., ¶15. Under the Settlement, the average and payment to each Settlement Member is estimated at $129.1.7, with the highest payment estimated at $404.12. *Id.*,¶16.[7] Paragraphs 32-34 of the Settlement Agreement detail the formula and timeline for distributing to each Settlement Member their Individual Settlement Member Total Recovery.  As part of the Settlement, Class Counsel negotiated a narrow release of claims for Settlement Members. Settlement Agreement, ¶16. In part exchange for a Class Representative Service Payment that is subject to Court approval, Plaintiff will provide Defendant with a complete and general release of all claims and has agreed that she will not seek and is not entitled to employment with Defendant in the future. *Id.*, ¶41.

## B.    The Court Granted Preliminary Approval of the Settlement

On May 12, 2020, the Court issued its Preliminary Approval Order. The Court appointed Plaintiff and Class Counsel as representatives of Class Members, and CPT as the Settlement Administrator. Preliminary Approval Order at pp. 23-24.  The Court further directed the mailing of the Notice Packets to Class Members.  *Id.* at 24.

## C.    The Notice Packets Have Been Distributed

On June 16, 2020, CPT mailed the Court-approved Notice Packet to the 2,030 Class Members based on the Class Data List received from Defendant after performing National Change of Address searches for updated addresses. Garrido Decl., ¶¶5-8. Ultimately, a total

---

[7] At the preliminary approval stage, the Court recognized that a minimum of $250,000 would be available for payments to Settlement Members. "Assuming the Class Recovery is $250,000, the average recovery per class member will be $116.82…" *See* Preliminary Approval Order at pp. 6-7. At this final approval stage, upon completion of the notice process and calculations, both the estimated amount available to the Settlement Class and average Individual Settlement Member Total Recovery are therefore slightly more than that estimated at preliminary approval.

MPA'S ISO P'S MTN. FOR FINAL APPROVAL                    (19-cv-01101)

of 13 Notice Packets remain undeliverable where no new address could be found despite CPT's skip-tracing efforts . *Id*. at 9-10.

### D.   Class Participation in the Settlement

The deadline for requests for exclusion and objections was July 31, 2020. Preliminary Approval Order at p. 24. The Settlement was received extremely favorably. The Class Member participation rate is 99.85%.  Of the 2,030 Class members, only three (3) Class Members have timely excluded themselves from the settlement.  No objection has been received. *See* Garrido Decl., ¶¶11-15. The Settlement Member award is estimated to be $129.17, with the highest award estimated at $404.12. *Id.* at 16.

## III.   FINAL APPROVAL IS APPROPRIATE

### A.   The Three-Step Class Action Settlement Approval Process

A class action may not be dismissed, compromised, or settled without Court approval.  *See* Fed. R. Civ. P. 23(e).  Before granting final approval of the Settlement, the Court must find that it is fair, reasonable, and adequate.  *Id*. The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigors of formal litigation.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); William B Rubenstein, et al., 4 *Newberg on Class Actions*, §13.44 (5th ed. 2013) ("Newberg") (and cases cited therein).[8] Judicial proceedings have led to a defined procedure and specific criteria for settlement approval in class action settlements, as described in section 21.73 of the *Manual for Complex Litigation* (Fourth) (the "Manual") (2006).  The Manual's settlement approval procedure describes the following steps: (i) preliminary approval of the proposed settlement at an informal hearing; (ii) dissemination of notice of the settlement to all affected class members; and (iii) a final settlement approval hearing, at which class members may be heard and evidence presented regarding the settlement, its fairness, adequacy, and reasonableness. *Id*.  This procedure, commonly used by courts and endorsed

---

[8] Here, as throughout, all emphasis is added and citations and footnotes are omitted unless otherwise noted.

by the leading class action commentator, Professor Newberg, safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests.  *See* Newberg, *supra*, at §13:10.

The first and second steps of the settlement approval process have been completed. The third and last step is the final approval hearing, scheduled for September 21, 2020, at which this Court shall determine whether the Settlement is fair, reasonable, and adequate. Preliminary Approval Order at pp. 23, 25.  At the conclusion of the hearing, this Court will decide whether to grant final approval and enter a final order and judgment.  With this Motion, Plaintiff requests that the Court grant final approval of the Settlement.

### B.   The Settlement Is Fair, Reasonable, and Adequate

Under the Settlement, Defendant will pay $450,000 (plus employer-side taxes on the wage portion of settlement awards) to settle this matter. The Parties negotiated the Settlement in good faith and at arm's length, following an intensive investigation of the factual and legal claims and a full-day mediation session with mediator Joel Grossman. The Parties engaged in discovery before arriving at a settlement and fully apprised each other of their respective factual contentions, legal theories, and defenses.  Richard Decl., ¶¶14-16. Class Counsel is experienced in class action wage-and-hour litigation. *Id.* at 2-5. Defendant's counsel, too, are experienced in class action wage-and-hour litigation.

Courts should give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).  As shown below, the Settlement is fair, reasonable, and adequate and should be granted final approval.

MPA'S ISO P'S MTN. FOR FINAL APPROVAL                    (19-cv-01101)

### 1.   The Settlement Terms Disclose No Grounds to Doubt Its Fairness

The Settlement's terms provide a good recovery to the Class and clearly fall within the range of reasonableness, raising no doubts as to its fairness.  The Settlement provides for immediate cash benefits to Settlement Members. The amounts for which Settlement Members are eligible to receive are commensurate with the claims released adjusted for risk. The amounts to be paid are not nominal or symbolic.  Rather, the Settlement provides real benefits in relation to the claims brought on behalf of the Class, and the legal and factual grounds Defendant offered in defense of this Action.  The LWDA will receive $22,500 as its share of the Settlement attributable to PAGA civil penalties.  The monetary recoveries exemplify the fairness, reasonableness, and adequacy of the Settlement.

### 2.   The Parties Engaged in Investigation of the Claims Which Favors Final Approval

The Parties engaged in discovery and fully apprised each other of their respective factual contentions, legal theories, and defenses. The Parties negotiated the Settlement with ample knowledge of the claims and defenses and the amounts necessary to properly compensate Settlement Members, taking into account the strengths, weaknesses, and the risks of going forward with this litigation.  Richard Decl., ¶¶15-16, 19.

### 3.   Liability Is Vigorously Contested, and the Settlement Provides Reasonable Compensation for the Alleged Injuries

Defendant has legal and factual grounds available to it for defending this Action. Defendant has denied each of Plaintiff's allegations and/or denied that there was any resulting injury and liability.  Considering Defendant's defenses, there was a real prospect that the Class may not have obtained certification or, even with certification, would have not been able to recover any damages.  Richard Decl., ¶¶19-25.

### 4.   The Complexity, Expense, and Likely Duration of Continued Litigation in the Absence of Settlement Favors Final Approval

Employment class action cases are expensive and time consuming to prosecute.  Due to the size of the Class and the nature of the claims, continued litigation of this Action against Defendant would likely be complex on some issues and expensive, particularly in

MPA'S ISO P'S MTN. FOR FINAL APPROVAL                    (19-cv-01101)

1  light of the defense mounted by Defendants. *Id*. The Settlement avoids the need for a

2  contested class certification motion that would be time consuming and costly for Plaintiff

3  to file, Defendant to oppose, and the Court to decide.  The Settlement avoids a lengthy

4  trial(s)/appeal(s) and provides the Class with money now.

5         **5.**     **The Experience and Views of Class Counsel Favor Final Approval**

6        Class Counsel believes this Settlement to be a favorable result for Settlement

7  Members and supports the Settlement as fair, reasonable, adequate, and in the best interests

8  of the Classes.  Richard Decl., ¶¶41-43.

9         **6.**     **The Positive Reaction to the Settlement Favors Final Approval**

10        Overall, the Settlement has been very well received.  The positive reaction to the

11  Settlement is illustrated by the high participation rate – 99.85% of Class Members have

12  opted to participate – and lack of objections. The LWDA has also been advised of the

13  Settlement and has not objected to it.  Richard Decl., ¶18.  The Court should construe the

14  primarily non-opposition to the Settlement as a strong indication of that the Settlement is

15  fair, reasonable, and adequate and thus deserving of final approval.

16         **7.**     **This Court Should Approve the PAGA Payment**

17        The PAGA requires that this Court review and approve the settlement of penalties

18  under PAGA.  Cal. Lab. Code §2699(l).  Under the Settlement, $30,000 is allocated to

19  PAGA civil penalties of which $22,500 is payable to the LWDA as its 75% share of the

20  penalties under PAGA.  This amount compares very favorably to the range of PAGA

21  penalties routinely approved by Courts.  *See, e.g.*, *Nordstrom Comm'n Cases*, 186 Cal.

22  App. 4th 576, 589 (2010) (approving settlement where no civil penalties were allocated for

23  settlement of PAGA claims); *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG

24  (BLM), 2010 WL 2196104, at *1-2 (S.D. Cal. June 1, 2010) (PAGA penalty approved in

25  amount of 0.3% of settlement).

26  ///

27  ///

28  ///

MPA'S ISO P'S MTN. FOR FINAL APPROVAL        (19-cv-01101)

## IV.   CLASS COUNSEL'S REQUEST FOR ATTORNEY'S FEES AND COSTS IS FAIR AND REASONABLE

On July 29, 2020, Plaintiff filed a Motion for Attorney's Fees and Costs (Dkt. No. 20), submitting that the requested attorney's fees was well within the range of reasonableness. *See also generally* Richard Decl., ¶¶26-32.  Class Counsel respectfully requests that the Court award Class Counsel the requested fee award, equivalent to 30% of the total monetary recovery, as fair and reasonable. *See, e.g.*, *Galeener, et al. v. Source Refrigeration & HVAC, Inc.*, No. 3:13-cv-04960-VC, 2015 WL 12977077, at *1 (N.D. Cal. Aug. 21, 2015) (approving 30% fee award on $10 million settlement fund noting "…a fee award of 30% 'is only modestly more than the Ninth Circuit's 25% "benchmark" percentage' and '[i]n light of the many cases in this circuit that have granted fee awards of 30% or more' it is 'well within the usual range of percentages awarded'"); *Vedachalam v. Tata Consultancy Servs., Ltd.*, No. C 06-0963 CW, 2013 WL 3941319, at *2 (N.D. Cal. July 18, 2013) (cases awarding 30% or more).  The Settlement Agreement also permits Class Counsel to seek up to $20,000 in costs.  Settlement Agreement, ¶8.  Class Counsel has incurred costs totaling $8,170.31. Richard Decl., ¶33.  Accordingly, Class Counsel respectfully requests that the Court award costs in the amount of $8,170.31.

## V.   THE REQUESTED CLASS REPRESENTATIVE SERVICE PAYMENT IS FAIR AND REASONABLE AND SHOULD BE APPROVED

Plaintiff seeks a Class Representative Service Payment in the amount of $2,500. This service award is intended to recognize the time and efforts Plaintiff spent on behalf of the Class, the risks in acting as the Class Representative, the results achieved, the broad, general release of claims she entered into that is a much broader release than that for Settlement Members, and her agreement that she will not seek and is not entitled to employment with Defendant in the future.  Settlement Agreement, ¶¶41; Richard Decl., ¶¶35-40.

Plaintiff has been an extremely active and invaluable participant in this Action. Plaintiff was willing and able to prosecute this action and to protect the interests of Class Members.  Plaintiff actively participated in all phases of this Action, spending substantial

- 8 -

time participating in interviews and telephone consultations with Class Counsel who required considerable information pertaining to Defendant's employment policies and procedures.  Plaintiff also spent considerable time locating and gathering information and documents in support of the claims and responding to written inquiries from Class Counsel. Plaintiff directly assisted in evaluating information. Plaintiff participated in both the preparation for mediation and the mediation itself via telephone.  By agreeing to file this case, Plaintiff assumed the risk of a judgment against her and personal liability for an award of costs to Defendants in the event of an adverse outcome.  *See, generally,* Richard Decl., ¶¶35-40; Declaration of Laverna Shannon in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 13-4), ¶¶1-5.[9] Furthermore, in order to obtain the achieved Settlement on behalf of Settlement Members, Plaintiff was required to enter into a general release of claims, a release that is much broader than the narrowly tailored release of claims entered into for Settlement Members. As a result, Settlement Members will reap the rewards secured through the Settlement. Had Plaintiff not committed to being the Class Representative, there would be no monetary award achieved. Accordingly, a service fee is necessary to ensure that a successful representative receives just compensation for their willingness to take on risks.

Plaintiff's intention to request a $2,500 Class Representative Service Payment was clearly disclosed to each Class Member in the Notice Packet and no objection to this request has been received.  Accordingly, a $2,500 Class Representative Service Payment (or approximately 0.56% of the Settlement Amount) is fair and reasonable sum in light of Plaintiff's involvement, the risks undertaken, the result achieved, and her general release of claims.  *See, e.g.*, *Singer*, 2009 WL 4809646, at *6 (approving $25,000 service award); *Glass v. UBS Fin. Servs., Inc.*, No. C-06-4068 MMC, 2007 WL 221862, at *14 (N.D. Cal.

---

[9] Because the Declaration of Laverna Shannon in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 13-4) ("Shannon Declaration") was previously filed in conjunction with the preliminary approval motion, it will not be re-filed for the instant motion, as a standalone document. Instead, for the Court's convenience, the Shannon Declaration is attached to the Richard Declaration as Exhibit A.

MPA'S ISO P'S MTN. FOR FINAL APPROVAL                    (19-cv-01101)

Jan. 26, 2007) (awarding $25,000 each to plaintiffs); *c.f. Hopson v. Hanesbrands Inc.*, No. CV-08-0844 EDL, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3, 2009) (approving service award in the amount of 1.25% of the settlement fund; *Galeener*, 2015 WL 12977077, at *2 (approving awards up to $27,000; citing cases with similar awards).

## VI.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting, in full, final approval and the requests for the Class Representative Service Payment and attorney's fees and costs, and entering judgment in this Action.

Dated: August 20, 2020

Respectfully submitted,
RICHARD LAW, P.C.

s/*Diane E. Richard*

Diane E. Richard, Attorneys for Plaintiff Laverna Shannon and the Class
Email: diane@richardlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2020, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

By:   s/*Diane E. Richard*

Diane E. Richard
Email: diane@richardlawpc.com

MPA'S ISO P'S MTN. FOR FINAL APPROVAL                    (19-cv-01101)