# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNA SHANNON, *individually, and on behalf of other employees similarly situated and in a representative capacity*,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SHERWOOD MANAGEMENT CO., INC., and DOES 1–10,<br><br>　　　　　　　　　　Defendants. | Case No. 19-cv-1101-BAS-JLB<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND COSTS (ECF No. 20)** |

Plaintiff Laverna Shannon filed this employment class action against Defendants Sherwood Management Co., Inc. and Does 1–10. Now before the Court is Plaintiff's unopposed motion for attorney's fees and costs. (ECF No. 20.) The Court held a fairness hearing for the parties' class action settlement on October 5, 2020. For the following reasons, the Court **GRANTS** Plaintiff's motion.

## I.　BACKGROUND

Plaintiff filed this employment class action against Defendants on April 15, 2019, in state court, raising twenty-one state law claims against Defendants. (ECF No. 1-2.) Defendants removed the case to federal court on June 12, 2019, under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453. (ECF No. 1.) On September 6, 2019,

the parties notified the Court that they reached a settlement on a class action basis ("Settlement"). (ECF No. 10.) Under the Settlement, Sherwood will deposit $450,000 into a settlement fund, and a minimum of $250,000 will be distributed to the class members participating in the Settlement ("Class Recovery"). (Settlement Agreement[1] § 8.) To Class Counsel, a maximum of $135,000, equivalent to 30% of the settlement amount, will be distributed as attorney's fees, and a maximum of $20,000 as costs. (*Id.*) To class action settlement administrator ("Settlement Administrator"), a maximum of $20,000 will be distributed as settlement administration expenses. (*Id.*) The State of California will receive $22,500 as its share allocated for settlement of the PAGA claims. (*Id.*) Plaintiff will receive a maximum of $2,500 as a service payment for the class representative. (*Id.*) If the Court approves less than the maximum amounts for distribution that are not for Class Recovery, the unapproved and awarded sums will be added to the Class Recovery and will not revert to Sherwood. The Court preliminarily approved the proposed Settlement on May 12, 2020. (Prelim. Order, ECF No. 18.)

Plaintiff filed the present motion for attorney fees and costs on June 29, 2020. (ECF No. 20.) Class Counsel seeks $135,000 in attorney's fees and $8,170.31 in costs. (*Id.*) The Settlement Administrator separately seeks $20,000 in expenses for administering a class composed of 2,030 members, out of which 2,027 are participating in the settlement ("Settlement Members"). (Garrido Decl. at ¶ 17, ECF No. 21-4.) Thus, if the Court grants Plaintiff's motion and these expenses and the payment to the State are deducted from the $450,000 common fund, $261,829.69 will be distributed as Class Recovery, resulting in an average payment of $129.17 to each participating Settlement Member, with the highest payment estimated at $404.12. (Garrido Decl. at ¶¶ 15–16.)

\\
\\
\\

---

[1] (ECF No. 13-3.)

- 2 -

19cv1101

## II. LEGAL STANDARD

Courts have an independent obligation to ensure that the amounts requested for attorneys' fees and any class representative service award, like the settlement, are reasonable. *In re Bluetooth Headsets Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). Where a settlement produces a common fund for the benefit of the entire class, courts have the discretion to employ a "percentage-of-recovery method." *Id.* at 942. Typically, courts calculate 25% of the fund as a "benchmark" for a reasonable fee award. *Id.* Injunctive relief should generally be excluded from the value of the common fund when calculating attorneys' fees because most often the value of the injunctive relief is not measurable. *Staton v. Boeing Co.*, 327 F.3d 938, 945–46 (9th Cir. 2003).

"The 25% benchmark rate, although a starting point for the analysis, may be inappropriate in some cases." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Thus, courts are encouraged to cross-check this method by employing the "lodestar method" as well. *In re Bluetooth*, 654 F.3d at 949.

In the "lodestar method," the court multiplies the number of hours the prevailing party reasonably expended by a reasonable hourly rate for the work. *In re Bluetooth*, 654 F.3d at 941. The hourly rate may be adjusted for the experience of the attorney. *Id.* The resulting amount is "presumptively reasonable." *Id.* at 949. However, "the district court . . . should exclude from the initial fee calculation hours that were not 'reasonably expended.'" *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001) (quoting *Hensley v. Eckerhart.*, 401 U.S. 424, 433–34 (1983)). The court may then adjust this presumptively reasonable amount upward or downward by an appropriate positive or negative multiplier reflecting a whole host of reasonableness factors including the quality of the representation, the complexity and novelty of the issues, the risk of nonpayment, and, foremost in considerations, the benefit achieved for the class. *In re Bluetooth*, 654 F.3d at 942.

\\
\\

## III. ANALYSIS

### A. Attorney's Fees

#### 1. *Vizcaino* Factors

Plaintiff seeks approval for an award of $135,000 in attorneys' fees. Plaintiff argues that the requested amount is reasonable under both the percentage-of-recovery method and the lodestar method. (Pl.'s Mem. Supp. Mot. Atty's Fees and Costs, ECF No. 20-1 at 9.) Under the percentage-of-recovery method, the court has discretion "to award attorneys a percentage of the common fund." *In re Bluetooth*, 654 F.3d at 942. In determining this percentage, courts consider a number of factors including (1) the result achieved, (2) the risk of litigation, (3) the skill required and the quality of work, (4) the contingent nature of the fee, and (5) awards made in similar cases. *See Vizcaino*, 290 F.3d at 1048–50. Here, Plaintiff is seeking $135,000 in fees, which amounts to 30% of the $450,000 common fund. This percentage is higher than the 25% benchmark for a reasonable fee award, but it is within "20–30%," which is "the usual range." *See id.* at 1047.

Further, upon considering the factors that influence the percentage-of-recovery method, the Court finds awarding 30% of the fund is reasonable in this case. *See Vizcaino*, 290 F.3d at 1048–50. The result achieved for the class is "the most critical factor in granting a fee award." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008). The settlement amount is 15% of the estimated potential recovery, and no class member objected to the settlement terms. (Prelim. Order at 17; Garrido Decl. at ¶ 12.) The average individual settlement share is $129.17, and the largest award is estimated at $404.12, with Defendant bearing the burden of paying payroll taxes. (Garrido Decl. at ¶ 16; Settlement Agreement § 8.) Given the monetary relief secured for the class, this factor weighs in favor of the requested 30% in fees.

The risk that further litigation might result in no recovery is a significant factor in assessing the attorney's fees. *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046–47. As the Court previously found, given that there was a prior class action settlement involving Defendant and that Defendant's motion to dismiss, motion to strike pleading, and other

dispositive motions down the road each presented risk of no recovery, the Court finds that there was a risk of no recovery with further litigation. (Prelim. Order at 16.) This factor weighs in favor of awarding the requested 15% in fees.

The Court also considers the skills required to prosecute and manage this litigation, as well as Class Counsel's overall performance. Although the parties reached the Settlement at an early stage, the parties exchanged some information including "detailed statistical data" about Class Members. (Prelim. Order at 18.) Class Counsel represents that the issues presented in this case included "several complex wage and hour issues of first impression." (Pl.'s Mem. Supp. Mot., ECF No. 20-1 at 11.) The Court finds that this factor is neutral, at minimum.

Class Counsel undertook the representation solely on a contingent basis. (Counsel Decl., ECF No. 20-2 at ¶ 26.) Class Counsel represents that class certification would have been a hard-fought issue, in addition to issues of liability and damages. (Pl.'s Mem. Supp. Mot., ECF No. 20-1 at 16.) At the same time, the settlement was reached within three months of removal to federal court. Taking into consideration other settlements reached after a more prolonged period of litigation, the Court finds that this factor is neutral. *See, e.g.*, *Contreras v. Worldwide Flight Servs., Inc.*, No. CV 18-6036 PSG (SSX), 2020 WL 2083017, at *6 (C.D. Cal. Apr. 1, 2020) (finding the factor to be in favor of upward departure from the 25% benchmark rate where the class counsel, who was retained on a contingent basis, spent two years in the litigation and advanced more than $43,000 in litigation costs).

Fees approved in similar cases are consistent with the requested 30% award in this case. *See, e.g.*, *Contreras*, 2020 WL 2083017, at *6 (collecting cases awarding attorneys' fees amounting to more than 30 percent of the common fund in wage and hour class action settlements). This factor weighs in favor of granting the requested 30% in fees.

The Court concludes that the request for attorney's fees is reasonable in consideration of the *Vizcaino* factors.

\\

19cv1101

### 2. Lodestar Method

The Ninth Circuit encourages district courts to cross-check their conclusions under the percentage-of-recovery method with the lodestar method, or vice versa. *In re Bluetooth*, 654 F.3d at 944–45. Under the lodestar method, "the district court must calculate the lodestar figure based on the number of hours reasonably expended on the litigation, adjusting the figure to account for the degree of success class counsel attained, along with other factors." *Id.* at 944.

Here, having reviewed class counsel's declarations (ECF Nos. 20-2, 21-2), the Court calculates the lodestar figure to be approximately $152,352, which results from multiplying 220.80 hours by an hourly rate of $650. This figure assumes that class counsel incurred the reasonable number of hours they forecasted to expend between the filing of this motion and the final approval hearing. The hourly rate of $650 is reasonable, based on Class Counsel's more than 20 years of experience in employment and labor law, including her experience litigating class actions, and the Court's familiarity with the rates charged by other firms in the San Diego area. *Cf. Hartless v. Clorox Co.*, 273 F.R.D. 630, 644 (S.D. Cal. 2011) (approving hourly rates that ranged from $575 to $795 per hour for plaintiff's counsel in a class action based on the prevailing market rates in San Diego).

To reach $135,000, the Court would need to apply a negative multiplier of 0.89 to the $152,352 lodestar. The negative multiplier suggests that the requested fee award is reasonable. *See Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1023 (E.D. Cal. 2019) (collecting cases).

Accordingly, because the percentage-of-recovery method demonstrates that the requested fee award is reasonable, and the lodestar method confirms this conclusion, the Court grants Plaintiff's request for $135,000 in attorney's fees.

### B. Costs

Plaintiff also seeks reimbursement of litigation costs on class counsel's behalf. "Class Counsel are entitled to reimbursement of the out-of-pocket costs that they reasonably incurred investigating and prosecuting [the] case." *Couser v. Comenity Bank*,

125 F. Supp. 3d 1034, 1049 (S.D. Cal. 2015).  Here, Class Counsel have incurred $8,170.31 in costs.  (Counsel Decl., ECF No. 21-2 at ¶ 33.)  Most of the costs were incurred to pay for mediation and court fees. (Counsel Decl., ECF No. 20-2 at ¶ 34.)  The Court finds that class counsel reasonably incurred the out-of-pocket costs in connection with this litigation and that the costs were advanced by counsel for the benefit of the class members. Accordingly, the Court grants Plaintiff's request for $8,170.31 in costs.

## IV. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's motion for attorney's fees and costs.  (ECF No. 20.)  The Court awards Plaintiff $135,000 in attorney's fees and $8,170.31 in costs.

**IT IS SO ORDERED.**

DATED: October 5, 2020

Hon. Cynthia Bashant
United States District Judge