# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNA SHANNON, *individually and on behalf of other employees similarly situated and in a representative capacity*,<br><br>Plaintiff,<br><br>v.<br><br>SHERWOOD MANAGEMENT CO., INC., and DOES 1–10,<br><br>Defendants. | Case No. 19-cv-01101-BAS-JLB<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (ECF No. 21)** |

Plaintiff Laverna Shannon filed this employment class action against Defendants Sherwood Management Co., Inc. and Does 1–10. Now before the Court is Plaintiff's unopposed motion for final approval of the parties' class action settlement. (ECF No. 21.) The matter came on for hearing on October 5, 2020. The Court has considered the parties' Joint Stipulation of Class Action Settlement and Release ("Settlement" or "Settlement Agreement," ECF No. 13-3), the record in this action, and the arguments and authorities of counsel. For the following reasons, the Court **GRANTS** Plaintiff's motion for final approval of the Settlement.

\\
\\

**I.     PROPOSED SETTEMENT**

Settlement Class.  The Settlement applies to all Class Members, defined as "all exempt and non-exempt current and former employees of Sherwood Management Co., Inc. who worked in California at any point during the period of February 8, 2015 to August 23, 2019."  (Settlement Agreement § 1.)  A Settlement Class is the group of people comprised of the Class Members.  (*Id.* § 2.)

The deadline to opt-out or object to the Settlement fell on July 31, 2020.  ("Garrido Decl.," ECF No. 21-4 at ¶ 11.)  There are 2,030 Class Members, out of which just three have opted out from the Settlement.  (*Id.* ¶ 14.)  There has been no objection or dispute to the Settlement.[1]  (*Id.* ¶¶ 12–13.)  A total of 2,027 participating Settlement Members represent a 99.85% participation rate in the Settlement.  (*Id.* ¶ 15.)

Settlement Fund.  Under the Settlement, Sherwood agrees to deposit $450,000 into a non-reversionary, common fund ("Settlement Fund").  (Settlement Agreement § 8.)  The Settlement Fund will be distributed as follows:

(a)   a minimum of $250,000 for payment to Settlement Members, of which 20% shall be for tax purposes be deemed wages subject to Form W-2 reporting, and 80% shall be for tax purposes be deemed non-wages;

(b)   a maximum of $135,000 (30% of the Settlement Amount) for the payment of Class Counsel's Attorney Fees;

(c)   a maximum of $20,000 for the payment of Class Counsel's Costs;

(d)   $22,500 to the State of California for its share of the Settlement Amount allocated for settlement of the PAGA claims;

(e)   a maximum of $2,500 for the payment of a Class Representative Service Payment to the named Plaintiff; and

(f)   a maximum of $20,000 for Settlement Administration Costs.

---

[1] The parties have confirmed the fact at the hearing that took place on October 5, 2020.

(*Id.* § 8.) If the Court approves less than the maximum amounts specified in items (b)–(f), "the unapproved and awarded sums shall be added to the Class Recovery" and shall not "revert to Defendant." (*Id.*) The Settlement also obligates Sherwood pay the employer-side "payroll taxes due upon payment of the 20% allocated to wages payable to Settlement Class Members," in addition to the Settlement Amount. (*Id.*)

The Class Recovery will be apportioned among the Settlement Members based on the number of pay periods each person worked during the Class Period. (Settlement Agreement § 32.) The average payment to a Class Member is $129.17, with the highest payment being $404.12. (Garrido Decl. ¶ 16.) Class Members are not required to submit a claim to participate in the Settlement. (Settlement Agreement § 34(d).)

<u>Class Notice</u>. According to the Settlement Agreement, Sherwood provided to the court-approved class action settlement administrator ("Settlement Administrator") a list of 2,030 Class Members and the number of pay periods each member worked. (Garrido Decl. ¶ 5; Settlement Agreement § 4.) The Settlement Administrator updated 269 addresses and mailed the Notice Packet to all Class Members using First-Class U.S. Mail. (*Id.* ¶¶ 6, 8.) 67 Notice Packets were returned, and all but 13 Notice Packets were re-mailed. (*Id.* ¶¶ 9–10.)

<u>Opt Out or Object and Release</u>. Under the Settlement Agreement, Class Members had forty-five days after the mailing of the Notice Packets to opt out of the Settlement. (Settlement Agreement §§ 6, 24.) Three Class Members have requested to opt out, and no objections were filed as of the July 31, 2020 deadline to submit objections, disputes, or requests for exclusion. (Garrido Decl. ¶¶ 11–14.) Counsel for the parties confirmed that no objections were filed as of the fairness hearing that took place on October 7, 2020. (*See* ECF No. 27.)

Upon final approval of the Settlement, all Settlement Class Members shall be deemed to have released and discharged Sherwood from any and all claims that are known or unknown to the class members and relate to this action. (Settlement Agreement § 16.)

\\

## II. ANALYSIS

The Ninth Circuit maintains a "strong judicial policy" that favors the settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). However, Federal Rule of Civil Procedure 23(e) first "require[s] the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). Where, as here, the "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Stanton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). In these situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir. 2012).

Here, for the reasons outlined in the Court's Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 18), the Court concludes that class certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate.

The Court further finds that the Settlement is "fair, reasonable, and adequate" under Rule 23(e) of the Federal Rules of Civil Procedure. "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Hanlon*, 150 F.3d at 1026. A court may not "delete, modify or substitute certain provisions" of the settlement; rather, "[t]he settlement must stand or fall in its entirety." *Id.*

As mentioned, "settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Hanlon*, 150 F.3d at 1026. Consequently, a district court "must be particularly vigilant not only for explicit collusion, but also for more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *In re Bluetooth*

*Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).  Other relevant factors to this determination include, among others, "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class-action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement."  *Hanlon*, 150 F.3d at 1026; *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Here, the Court made a preliminary fairness determination in its Preliminary Approval Order.  In doing so, the Court addressed a series of fairness factors but reserved judgment on the issue of "the reaction of the class members to the proposed settlement."  *See Hanlon*, 150 F.3d at 1026; ECF No. 18 at 19 n.4.  Now, after Settlement Class Members have been notified of the Settlement and have had an opportunity to express their reactions, the Court notes that no objections have been filed to the Settlement.  Thus, in addition to those factors considered by the Court in its Preliminary Approval Order, the Court finds this remaining factor supports approving the Settlement.  Accordingly, the Court concludes the parties' Settlement is "fair, reasonable, and adequate."  *See* Fed. R. Civ. P. 23(e)(2).

Further, the Court previously approved the form and manner of notice to the Settlement Class Members.  The Court now finds the method for distributing class notice was executed as previously detailed in its Preliminary Approval Order.  (*See* Garrido Decl. ¶¶ 3–10.)  The Settlement Administrator distributed notice by mail to 2,030 Class Members, using the most current, known mailing address identified by the method specified in the Settlement Agreement.  (*Id.* ¶¶ 5–8; Settlement Agreement § 4, 23.)  The Settlement Administrator also performed a skip trace on all returned mail and re-mailed them in compliance with the Settlement Agreement.  (Garrido Decl. ¶ 9–10; Settlement Agreement § 23.)  Just thirteen Notice Packets, which is less than 1% of the Class, remained undeliverable after the Settlement Administrator completed all the steps outlined in the Settlement Agreement.  (Garrido Decl. ¶ 10.)  The Court finds the notice

to class members satisfies due process, and the notice is the best notice practicable under the circumstances. *See* Fed. R. Civ. P. 23(e)(1); *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (holding that Rule 23's "best notice practicable" requirement is satisfied by "what notice is reasonably certain to inform the absent members of the plaintiff class").

Accordingly, because the Settlement is fair and the Settlement Administrator executed the notice program previously approved by the Court, the Court finds final approval of the Settlement is warranted.

## III. CONCLUSION

For the reasons stated both in this Order as well as the Court's Preliminary Approval Order, the Court **GRANTS** Plaintiff's motion for final approval of the parties' class action settlement (ECF No. 21). Accordingly, the Court **ORDERS** as follows:

(**1**) Pursuant to Fed. R. Civ. P. 23(b)(3), the above-titled action ("Action") is hereby finally certified, for settlement purposes only, as a nationwide class action on behalf of the following Settlement Class Members:

> All exempt and non-exempt current and former employees of Sherwood Management Co., Inc. who worked in California at any point during the period of February 8, 2015, to August 23, 2019.

(**2**) Pursuant to Fed. R. Civ. P. 23, Plaintiff Laverna Shannon is appointed as the Class Representative, and Diane Elizabeth Richard of Richard Law, P.C. is appointed as Class Counsel.

(**3**) Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court. The form and method for notifying the Settlement Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances. The Court finds that the notice process was designed to advise the Settlement Class Members of their rights. Further, the Court approves the Settlement

Fund. It also finds that the claim process set forth in the Settlement Agreement was followed and that the process was the best practicable procedure under the circumstances.

**(4)** The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes. The Court finds that the Settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of the Settlement Class Members' case; the complexity, expense, and probable duration of further litigation; and the risk inherent at trial and of collecting any judgment obtained on behalf of the class.

**(5)** The Settlement Agreement, which has been filed with the Court and is deemed incorporated herein, as well as the proposed Settlement, are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Settlement Administrator shall pay each of the Class Member who did not opt out from the Settlement by July 31, 2020 (i.e., 2,027 participants) their share of the Settlement Fund.

**(6)** The Court awards attorneys' fees, costs, and a service award to Plaintiff Laverna Shannon as set forth in the Court's Order submitted simultaneously with this Order. Further, the Settlement Administrator's expenses of up to $20,000 shall be deducted from the Settlement Fund.

**(7)** A total of three requests for exclusion were received: Yesenia Vencebi of South Gate, California; Albert Stanislaus of Inglewood, California; and Olivia J. Simpson of Modesto, California. The Court hereby excludes the three individuals from the Settlement Class as not bound by the final judgment in this Action.

**(8)** The Settlement Class Members were given an opportunity to object to the Settlement. There are no objections to the Settlement.

**(9)** This Order is binding on all Settlement Class Members, except those individuals named in item (7) above, who validly and timely excluded themselves from the Settlement Class in this Action.

**(10)** The Class Representative, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement.  Pursuant to the Release contained in the Settlement Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

**(11)** The Action is hereby dismissed with prejudice in all respects.

**(12)** This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

**(13)** Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or the Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order.

**(14)** The Clerk of the Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED: October 8, 2020**

Hon. Cynthia Bashant
United States District Judge